OTTO AUGSTEIN et al., Appellants-Respondents, *v.* ARTHUR LEVEY et al., Respondents; SKIATRON ELECTRONICS AND TELEVISION CORPORATION, Appellant-Respondent, and SKIATRON TV INC., et al., Appellants, et al., Defendants.

First Department, May 7, 1957.

*Robert B. Block* of counsel (*Nahum A. Bernstein* and *Frederick H. Block* with him on the brief; *Silver & Bernstein,* attorneys), for Otto Augstein and others, appellants-respondents.

*James M. Landis* of counsel (*Norman Goodman* with him on the brief; *Kurt Widder,* attorney), for Skiatron Electronics and Television Corporation, appellant-respondent.

*Herman L. Weisman* of counsel (*Jack B. Levitt* with him on the brief; *Amen, Gans, Weisman & Butler,* attorneys), for Skiatron TV Inc. and another, appellants.

*Selig Dresner* for William Levy, respondent.

*James M. Landis* of counsel (*Norman Goodman* with him on the brief; *Kurt Widder,* attorney), for Arthur Levey and others, respondents.

McNALLY, J. These are three appeals from an order granting relief under rules 106 and 107 of the Rules of Civil Practice. The order appealed from was consequent on three motions made by various defendants. The motions under rule 107 of the Rules of Civil Practice are addressed to the first three causes of action, and the motions under rule 106 of the Rules of Civil Practice to the fourth and fifth causes of action.

The court below dismissed all claims embraced in the first cause of action as barred by the three-year limitation of subdivision 8 of section 48 and subdivision 7 of section 49 of the Civil Practice Act, applicable to derivative actions for waste or for an injury to property, or for an accounting in connection therewith. Plaintiffs challenge this ruling with regard to the 1951 transaction in which it is alleged that the defendant Arthur Levey acquired 625 shares of Scophony Corporation of America (hereinafter referred to as Scophony) stock out of 2,000 shares outstanding, mainly in exchange for assets of Scophony. The plaintiffs-appellants contend that since Levey is sued as the recipient of the stock, and, furthermore, since they seek its surrender and cancellation, the claim is governed by the six-year limitation of subdivision 8 of section 48 of the Civil Practice Act, rather than by the three-year limitation, which in terms applies to claims for waste and injury to property.

The plaintiffs-appellants do not otherwise contest the dismissal of the first cause of action which involves, in addition, a claim for like relief against Levey arising out of an alleged similar transaction in 1949 and alleged claims against former directors and officers for assisting and participating in both transactions. Plaintiffs have stipulated to withdraw their appeal with respect to the dismissal of the first cause of action against the individual defendants, other than Levey.

The complaint, in its prayer for relief, requires defendant Levey to account for all moneys and other things of value obtained by him in settling the alleged claims against Scophony, Ltd., and to surrender to Scophony, for cancellation, 625 shares of its Class A stock so acquired, held and purportedly owned by defendant Levey.

Giving the allegations of the first cause of action the inferences most favorable to the plaintiffs-appellants, which is required on a motion of this kind and character, it would appear that plaintiffs are attempting to follow the assets of Scophony into the hands of a fiduciary, that is, Levey, its president and director, and the person who it is claimed controlled it during the period involving the transactions complained of. In this posture of the case, it was error to hold, as a matter of law, that the three-year statute applied to the 1951 transaction aforesaid. (*Coane v. American Distilling Co.*, 298 N. Y. 197, 206, 207.)

The second cause of action is directed against the defendants Levey, Skiatron Electronics and Television Corporation (hereinafter referred to as Skiatron), Skiatron TV Inc., and Fox. It alleges the illegal transfer of certain patents during January and February, 1949, to Skiatron, as part of a scheme conceived

and executed by Levey for the benefit of himself and the remaining defendants.

The third cause of action is for the diversion of corporate opportunities of Scophony and is directed against Levey, Skiatron, Skiatron TV Inc., and Fox.

With reference to the second cause of action, the vital allegations relate to the transfer of Scophony's patents to Skiatron without the knowledge or consent of the plaintiffs. The transactions occurred in 1949 and plaintiffs admit that a cause of action based exclusively thereon is barred by the Statute of Limitations. Consequently, to avoid the bar, plaintiffs allege conduct by Levey shortly after the conclusion of the above transactions and again in 1952, which they claim constitutes fraud of such a character as to estop Levey to claim the benefit of the Statute of Limitations. The allegations of fraudulent and deceptive statements by Levey claimed to estop him from pleading the Statute of Limitations are (1) that the transfer of the patents was subject to substantial payments to Scophony, which statement plaintiffs say was false and led them to abandon the complaint before the Securities and Exchange Commission filed in 1949; and (2) in 1952, in the course of an action by plaintiffs against Scophony for the appointment of a receiver, Levey filed affidavits in that cause falsely asserting that Scophony had valuable property rights pertaining to the patents, which prompted a denial of plaintiffs' motion for the appointment of a receiver and caused them to abandon that action.

Plaintiffs in this action had sufficient timely knowledge to preclude them from asserting an equitable estoppel as to the defense of the Statute of Limitations based on the accrual of the second cause of action in 1949. They saw the prospectus prepared by Skiatron in 1949 which discloses details of both the transfer of patents to Skiatron and the transfer of stock to Levey. Under the circumstances, plaintiffs were under a duty to make inquiry and ascertain for themselves all the relevant facts. Courts do not view with favor a claim of estoppel grounded in fraud where it appears the basic facts were known to the claimant within the limited time and he sat by doing nothing. Estoppel to assert the Statute of Limitations may not be grounded on the later discovery of evidentiary details confirmatory of the basic facts, even if the delay in discovery is caused by false representations.

The basic facts relative to the alleged fraud perpetrated by Levey are that he caused Scophony to transfer its property to Skiatron for an inadequate or what constitutes no consideration to his personal advantage, without the knowledge or consent of

plaintiffs. The transfer was brought to the knowledge of the plaintiffs in 1949. It was then incumbent on them to make the inquiry which would suggest itself to a person of ordinary intelligence.

" It is plain that at best the allegations of newly-discovered ' facts ' show only that within six years the plaintiff and her mother obtained additional knowledge concerning the steps taken to consummate a conspiracy to transfer their property to the defendant corporation, and additional evidence of alleged fraud and wrong. The basic facts that there had been such a conspiracy consummated by fraud and other wrong were embraced within the allegations of the earlier complaints and, if true, were known to the plaintiffs in the earlier actions.

" A new cause of action for fraud does not accrue each time a plaintiff discovers new elements of fraud in a transaction or new evidence to prove such fraud. Where there is knowledge of facts sufficient ' to suggest to a person of ordinary intelligence the probability that he has been defrauded, a duty of inquiry arises ' and may thus start the running of the statute." (*Sielcken-Schwarz* v. *American Factors,* 265 N. Y. 239, 245-246.)

" Under settled principles of law, when facts are known from which the inference of fraud flows, there is a discovery of the facts constituting the fraud within the terms of the statute. From the time of such discovery, the statute begins to run." (*Ectore Realty Co.* v. *Manufacturers Trust Co.,* 250 App. Div. 314, 318.)

The cases relied on by plaintiffs are inapposite; they relate to conduct which forestalled discovery of the basic facts.

Plaintiffs also contend that they have raised a triable issue against Levey on the question of estoppel. There appears to be no dispute as to the basic facts. Plaintiffs were apprised of the facts in 1949. No new facts basic to the alleged cause of action are pleaded.

We hold that the prosecution of the second cause of action is barred by the six-year limitation contained in subdivision 8 of section 48 of the Civil Practice Act. However, as to the defendants other than Levey, the applicable limitation is 10 years (Civ. Prac. Act, § 53), since the cause of action is equitable in nature and does not involve a director or an officer as to whom subdivision 8 of section 48 of the Civil Practice Act is applicable. (*Gottfried* v. *Gottfried,* 269 App. Div. 413, 418.)

The third cause of action is one for diversion of corporate opportunities and is therefore based on waste and comes under the three-year Statute of Limitations. The only specific act

complained of in this cause of action is the transfer of Skiatron stock to Levey, and, since this occurred in 1949, this portion of the complaint was properly dismissed. This cause of action is barred even under the six-year statute and plaintiffs have stated in their brief that they invoke estoppel only with relation to the second cause of action. The dismissal of this cause of action under either theory of limitations should be affirmed.

The fourth cause of action against Skiatron is for the breach of a contract to develop and exploit patents of Scophony.

The fifth cause of action is against the directors and officers of Scophony for waste.

The fourth and fifth causes of action were properly dismissed with leave to plead over on the ground that they failed to allege ultimate facts. The allegations are conclusory and devoid of factual content.

Accordingly, the order below should be modified by permitting the plaintiffs to serve an amended complaint setting forth the 1951 transaction involving the acquisition by Levey of the 625 shares of stock of Scophony, with leave to defendant Levey to set up the Statute of Limitations in his answer by way of defense, and otherwise affirmed. Settle order.

BOTEIN, J. P., RABIN, FRANK and VALENTE, JJ., concur.

Order unanimously modified in accordance with the opinion herein and, as so modified, affirmed. Settle order on notice.