Aron Steuer, J.
Defendant moves for judgment on the pleadings as to the first cause of action which sounds in prima facie tort. The specific claim is that plaintiff had a contract with defendant to act as the latter’s sales agent and that defendant breached the contract, terminating the agency for the sole purpose of doing plaintiff harm. The complaint is attacked on two grounds, first, that there is no allegation of special *530 damage and, second, that the allegations of malevolent purpose are mere conclusions. These two grounds really merge into one. The region of prima facie tort is largely unchartered ; at least it was so in 1953. (See Rager v. McCloskey, 305 N. Y. 75, 80.) But it is not a substitute for traditional tort or contract actions. This is manifest in two ways- — an evil purpose without direct damage gives no right of action, nor does such a purpose unless the acts done pursuant to it produce other and different damage than that recoverable in the traditional form. As a consequence the necessity of setting out the damage resulting from the tort is generally recognized. (Glaser v. Kaplan, 5 A D 2d 873; Brandt v. Winchell, 3 N Y 2d 628.) And the special damage must be set out with particularity. (Faulk v. Aware, Inc., 3 Misc 2d 833, affd. 3 A D 2d 703.) Mixed motives of commercial gain and personal antagonism are not sufficient (Reinforce, Inc. v. Birney, 308 N. Y. 164) even though the commercial gain is sought by means that are questionable morally or ethically. (Benton v. Kennedy-Van Saun Mfg. & Eng. Co., 2 A D 2d 27.) It is difficult to plead a prima facie tort except by the conclusory statement that the act or acts were motivated by malice and perhaps therefore such an allegation should be deemed sufficient but the necessity for connecting the resulting damage to the tortious act will insure a pleading of sufficient distinctness.
Here there is no effort to state the damage particularly nor to show its relationship to the malevolence. All that is stated are general averments of loss of trade. The bill of particulars shows that plaintiff is unable to particularize these items.
The motion is granted.