NORBERT L. NOEL, Respondent, *v.* INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY et al., Appellants.

First Department, November 26, 1968.

*William Schurtman* of counsel (*Shea Gallop Climenko & Gould*, attorneys), for appellants.

*Sidney J. Loeb* of counsel (*Benjamin Goldbaum* with him on the brief; *Prince & Loeb*, attorneys), for respondent.

TILZER, J. In filing his note of issue below the plaintiff designated his second cause of action as a " Prima facie tort of business interference." In denying the defendants' motion to dismiss such cause as barred by the one-year Statute of Limitations applicable to defamation actions, Special Term gave its sanction to this designation, holding that the action sounded in prima facie tort and that the six-year statute applied.

On this appeal the plaintiff while withdrawing the denomination " prima facie tort " to the second cause of action, and although decrying the constrictive effect of labels in the classification of tort actions, now characterizes the defendants' conduct as injurious falsehood or interference with economic relations.

The issue of course is not the name that plaintiff may give to his second cause of action but the ascertainment of the Statute of Limitations applicable to its allegations. " In applying a Statute of Limitations * * * ' We look for the reality, and the essence of the action and not its mere name.' " (*Morrison* v. *National Broadcasting Co.*, 19 N Y 2d 453, 459.) The second cause of action (after repeating the allegations of the first cause of action for breach of contract) charges that " defendants willfully and maliciously issued, published and widely circulated a bulletin * * * designed intentionally to discredit and harm the plaintiff with each and every said person " and that " As a result of the aforesaid conduct of the defendants, and each of them, plaintiff has suffered great loss and expense * * * his [plaintiff's] good name, business and credit have been adversely affected and seriously impaired * * * and he has suffered * * * impairment of health ". This cause of action sounds in defamation. " Defamation is defined in terms of the injury, damage to reputation, and not in terms of the manner in which the injury is accomplished." (*Morrison* v. *National Broadcasting Co., supra*, p. 458.) Plaintiff may not circumvent the one-year limitation period applicable to defamation actions by misdescribing the tort as injurious falsehood or interference with economic relations. " A person possessing a cause of action in libel or slander may not avoid the statute of limitations

applicable to such a cause of action by the device of claiming that the cause of action is an action on the case to which a longer statute of limitations is applicable." (*Dubourcq* v. *Brouwer*, 124 N. Y. S. 2d. 61, 62 [McNally, J.], affd. 282 App. Div. 861; *Metromedia, Inc.* v. *Mandel*, 21 A D 2d 219, 222; *Crosby* v. *Reilly*, 20 A D 2d 561; *Alpert* v. *Gordon*, 15 A D 2d 673; *Green* v. *Time, Inc.*, 147 N. Y. S. 2d 828, 830, affd. 1 A D 2d 665, affd. 3 N Y 2d 732; *Marcus* v. *Textron, Inc.*, 12 Misc 2d 529, Steuer, J.; *Best Window Co.* v. *Better Business Bur.*, 2 Misc 2d 55, 58–59, McGivern, J.; *Klein* v. *Federation Bank & Trust Co.*, 36 Misc 2d 885, 886; *Quigley* v. *Hawthorne Lbr. Co.*, 264 F. Supp. 214, 218 [U. S. Dist. Ct., S. D. N. Y., 1967].) Nor may plaintiff avoid the one-year statute by asserting that defendants' bulletin, deterred third persons from doing business with him. "'A communication is defamatory * * * if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.'" (*Morrison* v. *National Broadcasting Co.*, supra, p. 458.)

The order should be reversed, on the law, with costs and disbursements, and defendants' motion for summary judgment dismissing the second cause of action granted.

McGivern, J. (dissenting). This motion to dismiss, based on the Statute of Limitations, has been brought forward nine years after the service of a summons. The majority would upset Special Term and grant the motion on the broad acceptance of the complaint as one based on defamation. I differ and would find that the complaint has all the hallmarks of a "prima facie" tort, in this instance, the intentional interference with business relationships, the fracturing of contractual rights, recklessly done, with no regard for consequences, and the production of resultant economic loss. This is the crux of the second cause of action; not libel and not slander.

The complaint before us alleges that the defendant maliciously and selfishly published and circulated a maleficent bulletin, intentionally designed to harm and discredit him in the eyes of established customers, inducing them to cancel and refuse existing policies, and thus bring about the destruction of a business built up by the long drawn-out labors of 29 years. And damages, as set forth in the Seventeenth and Eighteenth paragraphs are reasonably ascertainable.

All this is a far cry from the *Morrison* case on which the majority reclines. In that case a fledgling university professor

claimed that the skulduggery of certain T-V producers would be imputed to him because he ingenuously appeared on a rigged program. As a result, he said his reputation in scholastic circles was harmed and injury done his prospects and rising expectations as a teacher of youth. Further, he claimed the loss of certain fellowships because of this involvement. Nothing so speculative or elusive confronts us here. Here we have a clear economic loss, specifically determinable, sustained by a businessman as a result of the unfair acts of another business group actuated by an intent to injure the plaintiff. By supporting affidavits it is asserted that the purpose of the offending document was " to steal the business away from plaintiff for defendant's own profit and to so injure the plaintiff with his customers of many years, that they would not do business with him again." Thus, the causative acts and the motivation were not principally of a defamatory character. Defamation was but an incident to the main injury, the harm done to his business standing and his commercial relationships. And since this case is but in the pleading stage, wherein difficulties of proof are not our concern, in my opinion, the plaintiff should be permitted to go forward. In dealing with a similar complaint this court has said, " it cannot be held that, giving the complaint every favorable inference, the possibility of such proof is precluded." (*Duchen* v. *Milliken Woolens,* 19 A D 2d 521 [1st Dept., 1963].) He surely should not be frustrated by a narrow and overstrained application of the Statute of Limitations. " Statutes of limitations are construed, where possible, so as to give the parties their day in court and should not be defeated by overstrict construction such as the appellants would have us adopt in the present action." (*Hotaling* v. *General Elec. Co.,* 16 A D 2d 339, 342, affd. 12 N Y 2d 310.)

Thus, finding as I do, that the complaint goes far beyond an allegation that the plaintiff has been personally defamed, I would affirm Special Term and hold that the applicable statute, when this cause accrued, allowed six years in which to sue. (See Civ. Prac. Act, § 48, subd. 3.)

EAGER, J. P., STEUER and CAPOZZOLI, JJ., concur with TILZER, J.; McGIVERN, J., dissents in opinion.

Order entered July 24, 1968, herein appealed from, reversed, on the law, with $50 costs and disbursements, and defendants' motion for summary judgment dismissing the second cause of action granted. The Clerk is directed to enter judgment accordingly.