■ KARTIGANER ASSOCIATES, P. C., Respondent, v TOWN OF NEWBURGH et al., Appellants.—In an action, *inter alia,* to recover moneys due pursuant to certain agreements between plaintiff and the defendant Town of Newburgh, pursuant to which plaintiff performed certain work, defendants appeal from an order of the Supreme Court, Orange County, dated January 30, 1976,

which, *inter alia,* denied their motion to dismiss all of the causes of action in the complaint. Order modified by deleting therefrom those provisions which denied defendants' motion insofar as it sought dismissal of the fourth, fifth and sixth causes of action, and by substituting therefor a provision dismissing the said causes of action. As so modified, order affirmed, without costs or disbursements. Defendants' time to answer is extended until 20 days after entry of the order to be made hereon. Defendants moved to dismiss the causes of action in the complaint. As to the fourth, fifth and sixth causes of action, defendants alleged, *inter alia,* that those causes of action sounded in defamation and were time-barred by the applicable Statute of Limitations, which requires actions for defamation to be commenced within one year of accrual (CPLR 215). In opposing the motion, plaintiff described those causes of action as dealing with the "prima facie tort of interference with contractual relationship[s]" and argued that they were timely commenced under the applicable three-year Statute of Limitations (CPLR 214). In denying defendants' motion to dismiss these causes of action, the Special Term conceded that the said causes of action "sound primarily as actions based on defamation", but nevertheless held that, "because of the breadth of the pleadings, they can also be construed as actions sounding in tortious interference with plaintiff's contractual relationship with the defendant Town." In our view, the fourth, fifth and sixth causes of action in plaintiff's complaint should have been dismissed. In determining the applicability of the relevant Statute of Limitations, "we look for the reality, and the essence of the action and not its mere name" *(Brick v Cohn-Hall-Marx Co.,* 276 NY 259, 264; see, also, *Morrison v National Broadcasting Co.,* 19 NY2d 453, 459). A close reading and scrutiny of these three causes of action indicate that the gravamen thereof is the alleged injury to plaintiff's professional reputation. As a matter of law, these causes of action sound in defamation since the latter tort is "defined in terms of the injury, damage to reputation, and not in terms of the manner in which the injury is accomplished" (see *Morrison v National Broadcasting Co., supra,* p 458). Plaintiff cannot circumvent the one-year limitation period applicable to defamation actions "by mis-describing the tort as * * * interference with economic relations" (see *Noel v Interboro Mut. Ind. Ins. Co.,* 31 AD2d 54, 55). With respect to defendants' motion insofar as it sought dismissal of the first three causes of action based upon plaintiff's failure to comply with the time limitation provisions of subdivision 3 of section 65 of the Town Law, it is our view that there is sufficient basis in the record to support the conclusion of the Special Term that defendants are estopped from interposing said defense (see *Debes v Monroe County Water Auth.,* 16 AD2d 381). Thus, defendants' motion, insofar as it sought to dismiss the first three causes of action in the complaint, was properly denied. Cohalan, J. P., Hawkins, Suozzi and Mollen, JJ., concur.