■ EDWARD C. KROL, Respondent, v RICHARD J. VALONE, Appellant. — Order unanimously affirmed, with costs. Callahan, J., not participating. Memorandum: This medical malpractice action was commenced in April, 1979. The alleged acts of malpractice occurred between May and December, 1966 and the patient-physician relationship terminated in June, 1973. Defendant appeals from an order denying his motion to dismiss plaintiff's cause of action as barred by the Statute of Limitations (CPLR 3211, subd [a], par 5). Special Term found that the allegations of plaintiff's complaint and affidavit sufficiently assert the elements necessary to estop defendant from pleading the defense of the Statute of Limitations, provided that plain-

tiff demonstrates at trial that "the action was brought within a reasonable time after the facts giving rise to the estoppel have ceased to be operational". Special Term also held that even if the malpractice action was time barred, the complaint sufficiently alleged a cause of action on the theory that plaintiff was fraudulently prevented from bringing the malpractice action in a timely manner. The only question before us on the estoppel issue is whether the complaint and the affidavit of plaintiff are sufficient to preclude the granting of a motion to dismiss under CPLR 3211 (subd [a], par 5). New York courts have long had the power to bar assertion of the limitations defense when the delay between accrual of the cause of action and the commencement of suit is the product of defendant's wrongdoing *(General Stencils v Chiappa,* 18 NY2d 125; see, also, General Obligations Law, § 17-103, subd 4). More recently, it has been held that the doctrine of equitable estoppel to plead the Statute of Limitations may apply to a cause of action for medical malpractice. "The quality of the relationship between physician and patient, with confidence normally reposed by the patient in the physician and the unquestioning reliance which such relationship may be expected to engender in the patient, make application of the doctrine peculiarly appropriate in [medical malpractice] cases" *(Simcuski v Saeli,* 44 NY2d 442, 449). In order to invoke the doctrine, plaintiff must assert a claim of fraudulent concealment of the malpractice *(Immediate v St. John's Queens Hosp.,* 48 NY2d 671) and justifiable reliance upon defendant's intentional misrepresentation which prevented the plaintiff from discovering the malpractice or induced him to refrain from bringing suit *(Simcuski v Saeli, supra; Renda v Frazer,* 75 AD2d 490). Plaintiff's complaint satisfies those requirements. It alleges defendant's acts of mistreatment from May through December, 1966 causing the serious injury plaintiff later suffered; the defendant's knowledge of that mistreatment, and his wrongful and willful concealment thereof; defendant's intentional misrepresentation to plaintiff of the cause of the injury; and the discovery by plaintiff in September, 1978 of defendant's malpractice. Additionally, in response to defendant's motion, plaintiff submitted a lengthy affidavit reciting detailed facts substantiating his cause of action and the basis for invocation of the doctrine, and he also submitted extracts from medical records which further support his claims. Plaintiff's assertions, if true, are sufficient to estop defendant from pleading the Statute of Limitations. In so holding, we necessarily reject defendant's arguments that plaintiff is required to show that defendant's fraudulent misrepresentation to be a continuing affirmation that the condition caused by defendant was being cured or that the misrepresentation be repeated until plaintiff discovers the malpractice. Contrary to defendant's claim, neither showing is required by *Simcuski v Saeli (supra)* or *Renda v Frazer (supra).* Special Term also found that there remains a question of fact as to whether plaintiff commenced his action within a reasonable time in the circumstances, and we agree. We do not agree, however, that the complaint sets forth a cause of action postulated on the theory that defendant fraudulently prevented plaintiff from bringing his action for medical malpractice within the statutory period and that plaintiff is thus entitled to recover damages caused by the fraud. We have compared plaintiff's complaint with one already passed upon by the Court of Appeals in *Simcuski v Saeli,* 44 NY2d 442, 454, n 3) and our conclusion necessarily follows from the comparison. (Appeal from order of Oneida Supreme Court — dismiss complaint.) Present — Dillon, P. J., Cardamone, Callahan, Denman and Schnepp, JJ.