ALLAN G. RAMSAY, Respondent, v MARY IMOGENE BASSETT HOSPITAL et al., Appellants.

Third Department, November 27, 1985

APPEARANCES OF COUNSEL

*Winthrop, Stimson, Putnam & Roberts (Leo T. Crowley, Francis Carling* and *Susan J. Kohlmann* of counsel), for appellants.

*Kramer, Wales & Wright (Philip J. Kramer* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

In September 1970, plaintiff, a physician with a specialty in the field of nephrology, became associated with defendant Mary Imogene Bassett Hospital (Bassett Hospital) in the Village of Cooperstown, Otsego County. He was hired by Bassett Hospital to establish a renal dialysis department and to teach medical personnel working or studying in the field of nephrology. During such employment, plaintiff had professional differences of opinion with defendant Charles Allen Ashley, director of Bassett Hospital. As a result of these differences, Bassett Hospital informed plaintiff that for the year July 1, 1980 to June 30, 1981, he would have only temporary privileges and that at the end of such period his employment would not be renewed. Plaintiff ended his employment with Bassett Hospital in June 1981 and has sought employment with numerous hospitals and universities.

During the fall and summer of 1983, while plaintiff was seeking employment in Ogden, Utah, he was informed that derogatory material about his status as a physician had been circulated in that area. In December 1983, plaintiff was given permission to examine his file at St. Benedict's Hospital in Ogden, Utah, and discovered that Ashley had made certain statements that plaintiff alleges were false, biased and misleading. Thereafter, plaintiff attempted to obtain his files from various other institutions to determine what information had been submitted by Bassett Hospital concerning his competence as a physician. All of these institutions refused plaintiff access to their files, claiming they were confidential and could not be disclosed without permission from the individual or hospital that made the reference.

Plaintiff commenced this action against Bassett Hospital and Ashley on July 12, 1984 and July 16, 1984, respectively. Defendants moved to dismiss the action on the grounds of Statute of Limitations and, alternatively, failure to state a cause of action. Ashley, in an affidavit, swore that none of the

references he provided to prospective employers of plaintiff occurred within one year prior to commencement of the action. Plaintiff, in his affidavit, contended that Ashley did furnish defamatory references within one year of the commencement of the action and, further, that he was unable to ascertain to whom and when such references were made because the institutions to which they were sent would not reveal them, claiming they were confidential. Accordingly, plaintiff cross-moved for an order directing defendants to furnish a release to authorize plaintiff to obtain copies of communications made by defendants to prospective employers. Special Term denied defendants' motion as premature with leave to renew upon completion of discovery, authorized service of an amended complaint and directed defendants to authorize discovery of their communications to prospective employers of plaintiff. This appeal by defendants ensued.

Initially, we must determine if plaintiff's claim is, in essence, one for defamation and thereby subject to the one-year Statute of Limitations (CPLR 215 [3]). Unlike most torts, defamation is defined in terms of the injury, damage to reputation, and not in terms of the manner in which the injury is accomplished *(see, Morrison v National Broadcasting Co., 19 NY2d 453, 458).* In determining the applicability of the relevant Statute of Limitations, " '[w]e look for the reality, and the essence of the action and not its mere name' " *(supra,* at p 459, quoting *Brick v Cohn-Hall-Marx Co.,* 276 NY 259, 264).

Here, plaintiff insists that he has stated, in addition to defamation, causes of action of negligence, interference with prospective contractual relations, intentional infliction of emotional harm and prima facie tort. Therefore, he argues that he is entitled to the longer Statute of Limitations applicable to those causes of action. We disagree. When, as here, the claims in a complaint are in essence claims for defamation, a plaintiff may not circumvent the one-year limitation applicable to defamation by redescribing the tort as "prima facie tort" *(Clark v New York Tel. Co.,* 41 NY2d 1069, 1070), " 'prima facie tort of interference with contractual relationship[s]' " *(Kartiganer Assoc. v Town of Newburgh,* 57 AD2d 857, 858, *appeal dismissed* 42 NY2d 974), "injurious falsehood or interference with economic relations" *(Noel v Interboro Mut. Indem. Ins. Co.,* 31 AD2d 54, 55, *affd* 29 NY2d 743) or by any other characterization designed to circumvent an otherwise short limitation period *(Morrison v National Broadcasting Co.,*

*supra).* A fair reading of plaintiff's complaint reveals that each cause of action defines the damage to plaintiff in terms of damage to his reputation. Since defamation is defined in terms of injury to reputation and not in terms of the manner in which it was accomplished, we conclude that the claim asserted is one for defamation and subject to the one-year limitation period of CPLR 215 (3).

■ Despite our holding that plaintiff's claim is subject to a one-year limitation period, we nevertheless conclude that Special Term acted within its discretion in granting further discovery. An order for discovery pursuant to CPLR 3211 (d) is discretionary *(Conklin Dev. Corp. v Acme Mkts.,* 89 AD2d 769, *appeal dismissed* 58 NY2d 929; *Peri v State of New York,* 66 AD2d 949, *affd* 48 NY2d 734). Such an order should be granted where the plaintiff has made a showing that facts essential to justify opposition to dismissal may exist but cannot then be stated, and has shown his position not to be frivolous *(Amigo Foods Corp. v Marine Midland Bank,* 39 NY2d 391, 395).

Plaintiff in this case did submit an answering affidavit and an amended complaint that alleged that facts "may exist" to justify discovery under CPLR 3211 (d). It is apparent that Ashley did communicate critical information to identified institutions in the fall of 1983, but plaintiff is unable to supply details of such communications since the prospective employers deemed all such communications to be confidential. It is also clear that since defendants would not authorize release of these communications, the facts contained therein are within their exclusive control *(see, Peterson v Spartan Indus.,* 33 NY2d 463, 466). Accordingly, plaintiff is unable to determine whether any defamatory statements were made within one year prior to interposition of the claim. Finally, on this point, plaintiff's position is not frivolous. Since it is not denied that defendants gave references to some of plaintiff's prospective employers, it is not unreasonable to conclude that other prospective employers would seek references. Thus, plaintiff was not merely on a "fishing expedition" as defendants contend. Special Term properly acted within its discretion in granting further discovery with leave to defendants to raise the objection in their answer. However, Special Term's resettled order is overly broad in authorizing discovery for all 50 institutions to which plaintiff applied for employment. Disclosure should be limited to that which is reasonably related to the Statute of Limitations issue *(Peterson v Spartan Indus.,*

*supra,* pp 467-468). We therefore limit discovery to those institutions which may have requested or received references from defendants within one year of the date the claims were interposed.

■ Finally, we reject plaintiff's contention that because defendants' references were contained in confidential files to which he had no access, defendants should be estopped from raising the Statute of Limitations as a defense. Equitable estoppel may be invoked where a plaintiff has been induced by fraud, misrepresentation or deception to refrain from timely commencing a suit *(see, Donahue-Halverson, Inc. v Wissing Constr. & Bldg. Servs. Corp.,* 95 AD2d 953, 954). However, equitable estoppel will not toll a limitations statute when parties possess "timely knowledge" sufficient to place them "under a duty to make inquiry and ascertain * * * all the relevant facts" *(Augstein v Levey,* 3 AD2d 595, 598, *affd* 4 NY2d 791). Here, plaintiff discovered in December 1983 that defendants furnished references which plaintiff believed were defamatory, well within the one-year period.

MAIN, WEISS, YESAWICH, JR., and HARVEY, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as directed defendants to supply plaintiff with unlimited authorization to obtain copies of communications sent by defendants to plaintiff's prospective employers; matter remitted to Special Term for modification in accordance with the decision herein, and, as so modified, affirmed.