■ Lorraine McIvor, Respondent, v Guido J. Di Benedetto et al., Appellant, et al., Defendants.—In a medical malpractice action, the defendant Guido J. Di Benedetto appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Sullivan, J.), dated January 24, 1985, as denied his motion for partial summary judgment dismissing the plaintiff's second cause of action to recover damages for wrongful death insofar as it is asserted against him, and the defendant Jerome Krant appeals from so much of the same order as denied his cross motion for partial summary judgment dismissing the plaintiff's second cause of action insofar as it is asserted against him.

Appeal by Jerome Krant dismissed as abandoned for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [f]).

Order reversed insofar as appealed from by the defendant Di Benedetto, on the law, his motion granted, and the second cause of action to recover damages for wrongful death dismissed insofar as it is asserted against him.

The appellant Di Benedetto is awarded one bill of costs payable by the respondent.

The doctrine of equitable estoppel may bar a defendant physician from asserting the Statute of Limitations as an affirmative defense to the plaintiff's cause of action to recover damages for wrongful death of a decedent where there are evidentiary facts which show purposeful concealment and misrepresentation of the facts and consequences of malpractice *(see, Simcuski v Saeli,* 44 NY2d 442, 449; *Immediate v St. John's Queens Hosp.,* 48 NY2d 671), and justifiable reliance upon the defendant's intentional misrepresentation which prevented the plaintiff from discovering the malpractice or induced him or her to refrain from bringing suit *(see, Krol v Valone,* 80 AD2d 997, 998). The doctrine of equitable estoppel will not apply if the plaintiff possesses "timely knowledge" sufficient to place him or her under a duty to make inquiry and ascertain all the relevant facts prior to the expiration of the applicable Statute of Limitations *(see, Ramsay v Mary Imogene Bassett Hosp.,* 113 AD2d 149, 153; *Augstein v Levey,* 3 AD2d 595, 598, *affd* 4 NY2d 791). Such is the case here.

The plaintiff's decedent had been under the care of the appellant for an alleged work-related injury. He was admitted to Doctors' Hospital in Staten Island complaining of acute lower back pain. After consultations between the appellant and Dr. Krant, the latter performed an exploratory laparotomy due to the possibility of internal bleeding. The preoperative diagnosis was a leaking abdominal aneurysm and the postoperative diagnosis was retroperitoneal hemorrhage probably secondary to trauma, undisclosed, with no evidence of a leaking aneurysm. It is alleged that after the surgery, Dr. Krant told members of the decedent's family that "he found bleeding internally, but that he was able to repair the damage, stop the bleeding and that the condition was taken care of". Additionally, Dr. Krant allegedly told the decedent's daughter, Lorraine McIvor, not to be concerned with blood draining out the tubes connected to the decedent because it was not new blood, but blood that had escaped before the

bleeding was stopped. The decedent's condition continued to deteriorate and he died on July 5, 1977, while still a patient at the hospital. The medical examiner's autopsy report states the cause of death as a ruptured arteriosclerotic aneurysm of the abdominal aorta with retroperitoneal hemorrhage.

On December 4, 1979, the decedent's wife, Madeline De Rosa, as administratrix, commenced the instant medical malpractice action to recover damages for conscious pain and suffering, wrongful death and loss of services. Issue was joined and the defendants interposed the two-year Statute of Limitations (EPTL 5-4.1) as an affirmative defense to the cause of action to recover damages for wrongful death.

Thereafter, the defendants separately moved for partial summary judgment dismissing Mrs. De Rosa's wrongful death cause of action as barred by the Statute of Limitations and Mrs. De Rosa cross-moved for leave to serve an amended complaint alleging misrepresentation and fraudulent concealment of the malpractice claim. On appeal from Special Term's disposition of the respective motions, we denied the cross motion for leave to serve an amended complaint, without prejudice to renewal, upon the submission of proper papers, and also denied the defendants' respective motions for partial summary judgment without prejudice to renewal (see, De Rosa v Di Benedetto, 86 AD2d 648). Thereafter, Mrs. De Rosa renewed her motion for leave to amend the complaint to allege that Dr. Krant's aforenoted postoperative statements and the postoperative diagnosis were fraudulent misrepresentations, that all the defendants intentionally withheld from the decedent and the family members the true cause of his ailment and ensuing death, and that the true cause (a ruptured aneurysm) was not discovered until September of 1979, during a workers' compensation hearing. An affidavit from the decedent's wife, containing these conclusory allegations, was submitted in support of the motion. All the defendants cross-moved for partial summary judgment. By order, dated May 21, 1982, Special Term (Rubin, J.), granted Mrs. De Rosa's motion and denied the defendants' respective cross motions, finding a question of fact existed as to whether or not the defendants' alleged concealment and misrepresentations prevented Mrs. De Rosa from discovering the defendants' alleged malpractice before the statute had expired. No appeal from this order was taken and the appellant served an amended answer, which omitted the affirmative defense of the Statute of Limitations.

Subsequently, Mrs. De Rosa died in November of 1982

before her deposition could be taken and the decedent's daughter, Lorraine McIvor, was substituted as the plaintiff. After discovery was completed in this action, the appellant made the instant (third) motion for partial summary judgment, contending that depositions of Mrs. McIvor and her sister negate, as a matter of law, justifiable reliance upon the purported misrepresentations and belie any claim that the alleged concealment of the cause of death prevented Mrs. McIvor from discovering the malpractice claim prior to the expiration of the Statute of Limitations. Special Term (Sullivan, J.), after reviewing the merits, denied the motion.

Initially, we note that the omission of the Statute of Limitations defense in the appellant's amended answer does not constitute a waiver in view of the procedural history of this case, nor would an adjudication of this partial summary judgment motion based upon this unpleaded defense result in surprise to the plaintiff. Under the unusual circumstances of this case and in the absence of prejudice to the plaintiff, who never raised the issue of waiver, postponement of an adjudication of the appellant's motion would serve no purpose (see, Rogoff v San Juan Racing Assn., 77 AD2d 831; cf. Furlo v Cheek, 20 AD2d 939, 940).

We further note that " '[a] denial of a motion for summary judgment is not necessarily res judicata or the law of the case that there is an issue of fact in the case that will be established at the trial' " (Zook v Hartford Acc. & Indem. Co., 64 AD2d 701, 702). Although the practice of making successive motions for summary judgment, each based upon new factual assertions and proofs, which were available to the movant from the outset, is to be discouraged (see, Harding v Buchele, 59 AD2d 754; Powell v Trans-Auto Sys., 32 AD2d 650; Graney Dev. Corp. v Taksen, 62 AD2d 1148), the instant motion is based upon information possessed by Mrs. McIvor and obtained by the appellant from depositions conducted after the denial of his second motion for partial summary judgment. As an appellate court, we are not precluded from addressing the merits of the motion (see, Graney Dev. Corp. v Taksen, supra; Powell v Trans-Auto Sys., 32 AD2d 650, supra; see also, Pigott Constr. Intl. v Contractors Ornamental Steel Co., 75 AD2d 988, 989-990 [dissent by Hancock, Jr., J.]).

Regardless of Dr. Krant's misrepresentation that he had stopped the internal bleeding, Mrs. McIvor admitted at her deposition that she knew after the operation and prior to her father's death that he continued to bleed internally from the stomach area, that his postoperative problems were attribut-

able to the internal bleeding, and this fact was confirmed by Dr. Howe, a nurse, and a resident intern in the intensive care unit. Additionally, Mrs. McIvor's sister testified that a death certificate was received within a month after the decedent's death and that it listed the cause of death as a "hemorrhage". While there is a distinction between a ruptured arteriosclerotic aneurysm of the abdominal aorta and retroperitoneal hemorrhage, both are associated with hemorrhage. The death certificate was obtained within the applicable limitations period. Mrs. McIvor's observations of blood continuing to drain from tubes attached to her father during his hospitalization after the operation, and representations by other physicians and nurses that her father continued to bleed internally, constitute "timely knowledge" sufficient to place her under a duty to make inquiry and to ascertain all the relevant facts *(see, Ramsay v Mary Imogene Bassett Hosp.,* 113 AD2d 149, 153, *supra).* Noteworthy is the absence of any allegation that if Mrs. McIvor had pursued such an inquiry, she could not have obtained, upon request, during the two-year period immediately following the death of the decedent, the medical examiner's autopsy report, which states as the cause of death a ruptured aneurysm and retroperitoneal hemorrhage *(see, Greenock v Rush Presbyt. St. Luke's Med. Center,* 65 Ill App 3d 266, 382 NE2d 321; *cf. Demille v Franklin Gen. Hosp.,* 107 AD2d 656, *affd* 65 NY2d 728; *Arbutina v Bahuleyan,* 101 AD2d 696). We further note that no allegations of specific misrepresentations made by the appellant are found in the record.

Generally, the issue of whether a defendant should be equitably estopped from asserting the Statute of Limitations as an affirmative defense to the plaintiff's complaint is not a question of law, but rather a question of fact, which should be fully developed and determined upon the trial of the action *(see, Schirano v Paggioli,* 99 AD2d 802, 804). However, this is a rare case where the admissions of the plaintiff, Mrs. McIvor, at her deposition, negate, as a matter of law, an essential element of equitable estoppel, i.e., justifiable reliance upon the appellant's intentional misrepresentations which prevented her from discovering the malpractice or induced her to refrain from bringing suit. Accordingly, the appellant's motion for partial summary judgment, dismissing the wrongful death cause of action insofar as it is asserted against him as barred by the two-year Statute of Limitations, is granted. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.