■ THOMAS A. GLEASON, Appellant, v RICHARD J. SPOTA, Respondent. [599 NYS2d 297] —In an action, *inter alia,* to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Westchester County (Delaney, J.), entered March 7, 1991, which dismissed the complaint as time-barred.

Ordered that the judgment is affirmed, with costs.

The complaint in this action alleges that the defendant sent anonymous "hate mail" to the plaintiff's employer in September and October of 1978. The plaintiff contends that by fraudulently concealing his authorship of the defamatory material, the defendant wrongfully precluded him from timely commencing this action and that the defendant is therefore precluded, under the doctrine of equitable estoppel, from interposing a defense based upon the Statute of Limitations. The plaintiff alleges that he discovered the authorship of the

defamatory material on July 29, 1986, at which time the plaintiff's document expert in related consolidated Federal actions determined that the defendant had authored the letters. Pursuant to a stipulation entered between the parties in the Federal actions, the plaintiff could bring the instant State action within 60 days following disposition of the Federal actions, reserving the defendant's right to assert the Statute of Limitations as a defense to the State action.

A defendant may be estopped from pleading the Statute of Limitations where a plaintiff was induced by fraud, misrepresentation, or deception to refrain from timely commencing an action (Simcuski v Saeli, 44 NY2d 442, 448-449; Phelps v Greco, 177 AD2d 559; Ramsay v Bassett Hosp., 113 AD2d 149, 153). Where concealment without actual misrepresentation is claimed to have prevented a plaintiff from commencing a timely action, the plaintiff must demonstrate a fiduciary relationship—not present here—which gave the defendant an obligation to inform him or her of facts underlying the claim (see, General Stencils v Chiappa, 18 NY2d 125; Jordan v Ford Motor Co., 73 AD2d 422, 424; Rockwell v Ortho Pharm. Co., 510 F Supp 266, 270-271; cf., Erbe v Lincoln Rochester Trust Co., 13 AD2d 211). Equitable estoppel will not toll a limitations statute, however, where a plaintiff possesses " 'timely knowledge' sufficient to place him or her under a duty to make inquiry and ascertain all the relevant facts prior to the expiration of the applicable Statute of Limitations" (McIvor v Di Benedetto, 121 AD2d 519, 520; see, Ramsay v Bassett Hosp., supra, at 153; Augstein v Levey, 3 AD2d 595, 598, affd 4 NY2d 791).

We further find that the mere anonymity of the letters did not constitute active, fraudulent concealment (see, Five Platters v Williams, 81 AD2d 534). The plaintiff's further allegations of a conspiracy to deliberately conceal the defendant's alleged wrongdoing are conclusory and unsubstantiated by the record. Moreover, as the plaintiff was undisputably aware of and even viewed at least one of the letters in question at the time of publication, the plaintiff clearly had "timely knowledge" imposing a duty upon him to ascertain the author of the letters prior to the expiration of the applicable Statute of Limitations (see, McIvor v Di Benedetto, 121 AD2d 519, 520, supra). Rosenblatt, J. P., Copertino, Pizzuto and Joy, JJ., concur.