ESTATE OF NATHAN KANDEL, Deceased, Appellant, v HELMSLEY-SPEAR, INC., et al., Respondents, et al., Defendant. [714 NYS2d 14] —Order, Supreme Court, New York County (Barry Cozier, J.), entered June 28, 1999, which, insofar as appealed from as limited by the briefs, granted the motion of defendant managing agent (Helmsley) and defendant net lessees to dismiss the action as barred by the Statute of Limitations, unanimously affirmed, without costs.

In 1993, plaintiff, whose decedent owned and operated a construction company, commenced an action against Helmsley and the fee owners of certain buildings to collect on purchase orders reflecting work done between 1987 and 1990 and indicating on their face that Helmsley was requesting the work "FOR THE ACCOUNT OF THE OWNER". By separate stipulations, this action was discontinued with prejudice as against Helmsley, apparently because plaintiff was satisfied that Helmsley had only acted as agent for disclosed principals, and without prejudice as against the owners. Plaintiff then commenced a second action against the owners, which was dismissed in 1997 on the ground that the work was ordered by Helmsley not on behalf of the owners but rather the owners' net lessees. In the instant action against Helmsley and the net lessees, commenced in 1998 after expiration of the Statute of Limitations, plaintiff seeks to be relieved from its stipulation of discontinuance with Helmsley in the first action, and to estop defendants from raising the Statute of Limitations, on the ground that Helmsley had misrepresented that the owners and not the net lessees were the true contracting parties to the purchase orders until after the Statute of Limitations expired. Such relief was properly rejected by the IAS Court upon a finding that the disclosure made in the first action gave plaintiff ample reason to believe that Helmsley was acting for the net lessees, and, accordingly, obliged plaintiff to make further inquiry with respect to Helmsley's principals. Plaintiff's failure to do so justifies dismissal of the action as time-barred (*see*, *McIvor v Di Benedetto*, 121 AD2d 519, 520). We have considered plaintiff's other arguments and find them unpersuasive. Concur—Williams, J. P., Tom, Ellerin, Rubin and Saxe, JJ.