■ Estate of Brendan Boyle et al., Appellants, v James Smith et al., Defendants, and Otto Garcia et al., Respondents. [790 NYS2d 38]—

In an action, inter alia, to recover damages for sexual assault and battery, the plaintiffs appeal from an order of the Supreme Court, Queens County (Taylor, J.), dated April 11, 2003, which granted that branch of the motion of the defendants Otto Garcia, Thomas V. Daily, and the Roman Catholic Diocese of Brooklyn which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) insofar as asserted against them as time-barred.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action in October 2002, inter alia, to recover damages for sexual assault and battery allegedly committed against them by Catholic priests employed by the defendant Roman Catholic Diocese of Brooklyn (hereinafter the Diocese) between the years 1960 and 1985. The plaintiffs also asserted causes of action against two of the highest ranking officials of the Diocese, Bishop Thomas V. Daily and Monsignor Otto Garcia, alleging, inter alia, negligence in retaining and supervising the allegedly abusive priests and breach of fiduciary duties to the plaintiffs.

The Diocese, Daily, and Garcia (hereinafter the Diocesan defendants) moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (5) insofar as asserted against them as time-barred. The plaintiffs did not dispute that the statute of limitations expired before the commencement of the action, but contended that the Diocesan defendants were equitably estopped to assert this defense. The Supreme Court held that the doctrine of equitable estoppel did not apply and granted that branch of the motion of the Diocesan defendants. We affirm.

A defendant may be estopped from pleading the statute of limitations as a defense where, by fraud, misrepresentation, or deception, he or she has induced a plaintiff to refrain from filing a timely action (*see Simcuski v Saeli,* 44 NY2d 442, 448-449 [1978]; *Green v Albert,* 199 AD2d 465, 466 [1993]; *Gleason v Spota,* 194 AD2d 764, 765 [1993]). However, due diligence on the part of a plaintiff in bringing the action is an essential element of equitable estoppel (*see Marshall v Duryea,* 172 AD2d 726, 727 [1991]). If a plaintiff possesses sufficient knowledge of the possible existence of a claim, he or she is under a duty to make inquiry and ascertain all the relevant facts before the statute of limitations expires (*see Augstein v Levey,* 3 AD2d 595, 598 [1957], *affd* 4 NY2d 791 [1958]; *McIvor v Di Benedetto,* 121 AD2d 519, 520 [1986]; *Ramsay v Mary Imogene Bassett Hosp.,* 113 AD2d 149, 153 [1985]).

Here, the plaintiffs possessed personal knowledge of the facts underlying their intentional tort claims from the time of the offenses, and they also knew that the priests were employed by the Diocese. Despite this knowledge, the plaintiffs did not pursue their claims at an earlier time. Moreover, even assuming that the plaintiffs alleged sufficient facts to establish a fiduciary relationship between themselves and the Diocesan defendants, equitable estoppel is not applicable on this basis. As all of the plaintiffs reached the age of majority by 1990, their allegations failed to establish that they brought this action within a reason-

able time after they became adults, when they were no longer subject to the supervision and influence of those defendants (*see Doe v Roe,* 192 AD2d 1089, 1090 [1993]).

Therefore, the Supreme Court properly granted that branch of the motion of the Diocesan defendants which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) insofar as asserted against them as time-barred. Ritter, J.P., Goldstein, Smith and Fisher, JJ., concur.