Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered November 14, 2011, which denied defendants’ motion to dismiss the complaint on statute of limitations grounds, reversed on the law, without costs, the motion granted and the amended complaint dismissed in its entirety. The Clerk is directed to enter judgment accordingly.
This action was commenced on June 25, 2007. Plaintiffs sole cause of action is based on Judiciary Law § 487, which provides for an award of treble damages to an injured party where an attorney “[i]s guilty of any deceit or collusion, or consents to any *498 deceit or collusion, with intent to deceive the court or any party” (Judiciary Law § 487 [1]). At all relevant times, defendant Greenberg Traurig, LLP (GT) and Leslie Corwin, a partner therein, were the attorneys for Apollo Medical Fund Management L.L.C. and its principal, Brandon Fradd, in an action that plaintiff brought against them in 2003 (the Apollo Management action). Plaintiff brought the Apollo Management action to recover his membership share of profits under Apollo’s 1998 operating agreement.
In the instant complaint, it is alleged that at a January 27, 2004 meeting, Corwin represented to plaintiff and his counsel that plaintiffs case lacked merit because his membership rights to a share of Apollo’s profits had been drastically diminished by a purported May 21, 1998 amendment of the operating agreement. Corwin told plaintiff and his counsel that he personally confirmed the authenticity of the amendment with Jack Governale, the lawyer said to have drafted it. The amended complaint describes this January 27, 2004 statement it attributes to Corwin as “an outright lie.” Plaintiff alleges that at the meeting and by letter faxed the same day, his counsel requested that defendants make the signed original of the claimed amendment available for forensic chemical testing that would have enabled plaintiffs experts to determine the time frame when any ink found on the document was applied. As stated in the amended complaint, chemical testing would have established to a scientific certainty that the purported amendment was a “back-dated forgery.”
According to the amended complaint, Fradd informed Corwin by email dated February 1, 2004, that he had accidentally set fire to the two-page amendment while making tea. Specifically, Fradd allegedly advised Corwin that the top page had been destroyed and the bottom page singed. Nevertheless, on February 17, 2004, GT and Corwin made a motion on behalf of their clients for an order dismissing the Apollo Management complaint pursuant to CPLR 3211 (a) (1) on the basis of a defense founded upon documentary evidence consisting of the purported amendment of the operating agreement. This motion was made while plaintiffs February 5, 2004 motion to compel the production of the claimed original amendment was sub judice. On the February 23, 2004 hearing date of plaintiffs motion to compel, Corwin allegedly represented to the motion court that he was holding the original of the amendment in escrow but did not disclose to the court the burning that had been reported by Fradd. The amended complaint alleges that “[defendants made the false and misleading statement to the *499 Supreme Court that they were holding the originals ‘in escrow’ to mislead the Supreme Court that the document was safe and had not been tampered with, when the truth was the opposite. Defendants falsely and misleadingly represented to the Supreme Court that they were holding the originals ‘in escrow’ with intent to deceive, to prevent the Supreme Court and plaintiff from ever discovering that the ‘amendment’ had been burned under highly suspicious circumstances, that the files of the law firm that supposedly drafted it contained no evidence that it ever existed, and that the lawyers who supposedly drafted it had no knowledge of it.”
An “action to recover upon a liability, penalty or forfeiture created or imposed by statute” must be commenced within three years (CPLR 214 [2]). A cause of action under Judiciary Law § 487 is purely statutory in nature and therefore subject to the three-year statute of limitations. Judiciary Law § 487 “is a unique statute of ancient origin in the criminal law of England” (Amalfitano v Rosenberg, 12 NY3d 8, 14 [2009]).
The next question is when plaintiffs cause of action accrued. An action seeking damages under Judiciary Law § 487 must be commenced within the longer of three years from the time of the underlying deceit or collusion or within two years from the time the deceit or collusion was discovered, or with reasonable diligence, could have been discovered (CPLR 214 [2]; see CPLR 203 [g]; cf. Sargiss v Magarelli, 12 NY3d 527, 532 [2009]). Accordingly, there is no merit to plaintiffs argument that the statute of limitations does not begin to run until the conclusion of the underlying case. As the motion court correctly found, plaintiff knew of GT’s and Corwin’s alleged deceit concerning Fradd’s destruction of the purported amendment more than three years before this action was commenced. Specifically, by letter to the motion court dated March 20, 2004, plaintiff’s counsel complained of “the defendants’ concealment of material facts and misleading representations” in connection with the aforementioned motion to compel the production of the original document. In the letter, plaintiffs counsel acknowledged that on March 18, 2004, he was made aware of Fradd’s claimed destruction of the original first page of the purported two-page amendment. Plaintiffs counsel also noted that at the February 23, 2004 hearing, Corwin assured the court that he had the original amendment in his personal possession while concealing the information about Fradd’s claimed destruction of the document. The letter also accused GT and Corwin of misleading plaintiff about the fact that they had hired their own ink testing expert. The letter further suggested that GT and Corwin *500 deceived their ink chemistry expert by having him unwittingly render a report on his examination of a photocopy that was apparently passed off to him as the supposed original amendment of the operating agreement.
We do not share the dissent’s footnoted view that plaintiffs March 20, 2004 letter did not accuse GT and Corwin of collusion or deceit under Judiciary Law § 487 because it merely spoke of concealment on their part. On the contrary, the then-existing Code of Professional Responsibility DR 7-102 (a) (3) (former 22 NYCRR 1200.33 [a] [3]) imposed upon attorneys, as officers of the court, an obligation to disclose crucial information to a tribunal (see Schindler v Issler & Schrage, 262 AD2d 226, 228-229 [1st Dept 1999], lv dismissed 94 NY2d 791 [1999]). An attorney’s withholding of crucial information from a court falls within the proscription of Judiciary Law § 487 (id.). Stated differently, an attorney’s concealment from a court of a fact he or she is required by law to disclose is tantamount to the assertion of a false material fact (see Matter of Shearer, 94 AD3d 128 [1st Dept 2012]). Accordingly, Corwin’s concealment from the court of information regarding the claimed incineration of the purported document upon which he based his clients’ motion to dismiss the Apollo Management complaint was actionable under the statute. Notwithstanding the dissent’s position, for purposes of Judiciary Law § 487, it does not matter whether the concealed information would “have altered the determination of defendants’ motion to dismiss.” The statute’s application is not limited to successful deceits (Amalfitano v Rosenberg, 12 NY3d at 11-14). That is because the statute’s “evident intent” is “to enforce an attorney’s special obligation to protect the integrity of the courts and foster their truth-seeking function” (id. at 14). Therefore, the concealment recounted in plaintiffs March 20, 2004 letter would have constituted a significant breach of Corwin’s duty as an attorney. This action is time-barred by reason of plaintiffs admitted awareness of the alleged concealment for more than three years before he filed suit.
We also reject plaintiffs argument that the accrual date was extended by GT’s and Corwin’s subsequent alleged cover-up of their deceit on the court. Within the analogous context of a fraud action, this Court held: “A new cause of action for fraud does not accrue each time a plaintiff discovers new elements of fraud in a transaction or new evidence to prove such fraud. Where there is knowledge of facts sufficient to suggest to a person of ordinary intelligence the probability that he [or she] has been defrauded, a duty of inquiry arises and may thus start the running of the statute” (Augstein v Levey, 3 AD2d 595, 599 *501 [1st Dept 1957], affd 4 NY2d 791 [1958] [internal quotation marks and citation omitted]). The accrual date was not extended here because, as noted above, plaintiff was aware of the basic facts relative to defendants’ alleged deceit more than three years before this action was commenced. For the same reason, we find that the motion court erroneously determined that GT and Corwin were equitably estopped from asserting the statute of limitations as a defense. The doctrine of equitable estoppel does not apply here because plaintiff has not met the fundamental requirement of establishing that subsequent and specific actions by defendants somehow kept him from timely bringing suit (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 789 [2012]). Equitable estoppel is inapplicable for the additional reason that plaintiff does not allege an act of deception separate and apart from the ones upon which he sues (id.). Concur—Gonzalez, P.J., Saxe and DeGrasse, JJ.