**Willis PAYNE, Plaintiff,**

v.

**Walter GEARY and Elmhurst General Hospital, Defendants.**

**Nos. 85 CV 2974, 86 CV 416.**

United States District Court, E.D. New York.

Jan. 27, 1987.

Willis Payne, pro se.

Frederick A.O. Schwarz, Jr., Corp. Counsel, City of New York, New York City, for defendants; by Beth G. Schwartz, Susan M. Kath.

PLATT, District Judge.

Plaintiff commenced this action[1] pursuant to 42 U.S.C. § 1983 alleging that on or about February 5, 1982, defendant Walter Geary, a police officer, arrested him, and with the aid of two other officers, who are not defendants, beat him repeatedly with sticks and baseball bats. Plaintiff further alleges that the police officers took him to Elmhurst General Hospital for treatment of the injuries resulting from the beating and that the defendant hospital refused to treat him. As a result, plaintiff alleges, he suffered physical pain and mental anguish.

Defendants have moved to dismiss the complaint on the ground that the action is barred by the applicable statute of limitations.

In *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254 (1985), the Supreme Court held that the applicable statute of limitations for actions under 42 U.S.C. § 1983 is the forum State's statute governing tort claims for personal injuries. In New York, CPLR § 214(5) provides a three-year statute of limitations for personal injuries caused by negligent conduct, and CPLR § 215(3) provides a one-year period for personal injuries caused by intentional torts.

The limitations period is computed from the date the cause of action accrued to the date when the action is commenced by filing the complaint in federal court. Fed.R. Civ.P. 3; *see DeMatteis v. Eastman Kodak Co.,* 511 F.2d 306, 311–12 n. 8, *modified on other grounds,* 520 F.2d 409 (2d Cir.1975). In a § 1983 claim, the cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis for his action." *Barrett v. United States,* 689 F.2d 324, 333 (2d Cir.1982), *cert. denied,* 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366 (1983), *quoting Bireline v. Seagondollar,* 567 F.2d 260, 263 (4th Cir. 1977), *cert. denied,* 444 U.S. 842, 100 S.Ct. 83, 62 L.Ed.2d 54 (1979).

In the present case, the plaintiff plainly had reason to know of his injury on the date the alleged beating and refusal to treat took place, February 5, 1982. Accordingly, it is clear that plaintiff's cause of action accrued on that date. Thus, the one-year statute of limitations expired on February 5, 1983, and the three-year period expired on February 5, 1985. Plaintiff's complaint was received in the Pro Se Clerk's Office on July 19, 1985, and was docketed on August 8, 1985. Thus, plaintiff's complaint is time-barred whether the applicable period is considered to be one or three years, and whether the date of receipt or docketing is taken as the date of commencement of the suit.

Plaintiff attempts to invoke the six-year statute of limitations provided in CPLR § 213 by alleging that defendants are continuing to "conceal" their acts. Even if they are engaged in a cover-up, however, the alleged beating and refusal to treat are the bases for the action, and plaintiff plainly had reason to know of them. The injury giving rise to plaintiff's action could not have been concealed from him in this case.

*Wilson v. Garcia* was decided after plaintiff's action accrued but before he filed his complaint in the District Court, and there has been a significant debate as to whether *Wilson* should be applied retroactively. *See Mulligan v. Hazard,* —— U.S. ——, 106 S.Ct. 2902, 90 L.Ed.2d 988 (1986) (White, J., dissenting from denial of

---

1. The Clerk's Office inadvertently opened a new file, 86 CV 416, when plaintiff filed some supplementary papers. Needless to say, this opinion disposes of 85 CV 2974 and 86 CV 416 simultaneously.

certiorari). The law in the Second Circuit prior to *Wilson*, however, was that the three-year period provided in CPLR § 214(2) applied to § 1983 actions. *Pauk v. Board of Trustees*, 654 F.2d 856 (2d Cir. 1981), *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982). Even under the prior law, therefore, plaintiff's action would be time-barred.

Accordingly, plaintiff's action must be and hereby is dismissed as time-barred.

SO ORDERED.

