John BABIGIAN, Plaintiff,

v.

The ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, John Bonomi, Eleanor Piel, "Nervous Nellie" Doe, "Horny Helen" Doe, Stanley Arkin, William Hellerstein, Robert McGuire, Patrick Wall, Martin Fogelman, Powell Pierpont, Nina Cameron, Francis T. Murphy, individually and as Chief Justice of the Appellate Division of the State of New York: First Department, Appellate Division of the State of New York; First Department, Michael Gentile, as Chief Counsel of the Departmental Disciplinary Committee of the Appellate Division: First Department, Harold J. Reynolds, Clerk of the Appellate Division: First Department, The Florida Bar, Norman Faulkner, E. Earle Zehmer, Adlai Hardin, Jr., Joseph W. Bellacosa, Richard Wallach, Stephen Kaye, Jeffrey K. Brinck, Alvin Schulman, Seth Rosner, Jonathan H. Churchill, James R. Hawkins, William J. Manning, Meredith M. Brown, Robert D. Sack, Frederick C. Carver, Defendants.

No. 88 Civ. 1123 (JMC).

United States District Court, S.D. New York.

Jan. 11, 1990.

**48**

John Babigian, New York City, pro se.

Thomas J. Schwarz, Jay S. Berke, Rosalie B. Shields, Skadden, Arps, Slate, Meagher & Flom, New York City, for defendants Association of the Bar of the City of New York, Joseph W. Bellacosa, Richard D. Wallach, John Bonomi, Eleanor Piel, Stanley Arkin, William Hellerstein, Robert McGuire, Patrick Wall, Martin Fogelman, and Nina Cameron.

James M. Davis, Owen & Davis, New York City, for defendants Powell Pierpoint, Adlai Hardin, Jr., Stephen Kaye, Jeffrey Brinck, Alvin Schulman, Seth Rosner, Jonathan H. Churchill, William J. Manning, Meredith M. Brown, Robert D. Sack and Frederick C. Carver.

Karen Brutton, Asst. Atty. Gen., State of N.Y., Dep't of Law, New York City, for defendants Francis T. Murphy, Appellate Division of the State of New York, First Dept., Michael Gentile and Harold J. Reynolds.

Barry Richard, Roberts, Baggett, LaFace & Richard, Tallahassee, Fla., for defendants The Florida Bar, Norman Faulkner and E. Carle Zehmer of New York.

## MEMORANDUM AND ORDER

CANNELLA, District Judge.

Defendants' motions to dismiss are granted. Fed.R.Civ.P. 12(b)(6).

### BACKGROUND

Plaintiff, an attorney appearing *pro se*, brings the instant action pursuant to 42 U.S.C. § 1983, seeking damages and various forms of declaratory and injunctive relief for alleged violations of his constitutional rights. In addition, plaintiff seeks damages and injunctive relief for various state common law and statutory violations. Plaintiff's allegations all arise from attorney disciplinary proceedings which occurred between 1973 and 1975. Plaintiff has also filed a Supplemental Complaint which apparently involves events occurring after 1975.

Defendants Association of the Bar of the City of New York ["Association of the Bar"], John Bonomi, former General Counsel to the Committee on Grievances of the Association of the Bar, Robert McGuire, Patrick Wall, Adlai Hardin, Jr., Joseph W. Bellacosa, Richard W. Wallach, Stephen Kaye, Jeffrey K. Brinck, Alvin Schulman, Seth Rosner, Jonathan H. Churchill, William J. Manning, Meredith M. Brown, Robert D. Sack, and Fredrick C. Carver, former members of the Committee on Professional Ethics of the Association of the Bar [the "Ethics Committee"], and Stanley Arkin, William Hellerstein, Powell Pierpont, Martin Fogelman, Robert McGuire, Eleanor Piel, Patrick Wall and Nina Cameron, former members of the Committee on Grievances of the Association of the Bar [the "Grievance Committee"] [all of the aforementioned defendants collectively referred to as the "Bar Association defendants"], now move to dismiss on the following grounds: (1) plaintiff's claims are barred by the applicable statutes of limitation; (2) the defendants are protected from all of plaintiff's claims for damages by absolute immunity; (3) plaintiff has failed to state facts which constitute a claim under 42 U.S.C. § 1983 or under any of the state law claims alleged; and (4) plaintiff's complaint violates the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

In addition, defendants Appellate Division of the Supreme Court of the State of New York, First Department ["First Department"], Hon. Francis T. Murphy, Presiding Justice, Michael Gentile and Harold J. Reynolds [collectively, the "State defendants"] move to dismiss the complaint on the grounds that, *inter alia*, plaintiff's claims for declaratory relief are barred by the applicable statute of limitations. State defendants also move, on various grounds, to dismiss plaintiff's Supplemental Complaint. Finally, defendants the Florida Bar, Norman Faulkner and E. Earle Zehmer [the "Florida Bar defendants"] move to dismiss, *inter alia*, on the ground that the Court lacks personal jurisdiction.

## FACTS

In 1965 plaintiff organized Attorneys' Research, Inc. ["Research, Inc."], a business designed to provide legal research to attorneys in all jurisdictions. Complaint, ¶ 4. Plaintiff advertised Research, Inc. in the *New York Law Journal* and, in addition, mailed advertisements directly to attorneys. Complaint, ¶¶ 10, 11.

In September 1965, the Association of the Bar received a complaint about Research, Inc. from the Hawaiian Bar Association. Complaint, ¶ 5. At the suggestion of the Executive Director of the Association of the Bar, plaintiff submitted the question of the propriety of the activity of Research, Inc. to the Association's Ethics Committee for an opinion. On March 22, 1966, the Ethics Committee sent plaintiff an opinion letter stating that while it was not improper for Research, Inc. to perform legal research as long as it was for other attorneys, the company's advertising brochure did not in all respects comply with the requirements of the Canons of Professional Ethics concerning advertising. Complaint, ¶ 7.

In April 1972, defendant John Bonomi, then Chief Counsel to the Grievance Committee, received another complaint concerning advertising by Research, Inc. from an American lawyer living in London. Complaint, ¶ 17. Bonomi referred the matter to the Ethics Committee, asking for an opinion on the propriety of plaintiff's advertising. In March 1973, the Ethics Committee sent Bonomi an opinion letter [the "Ethics Opinion"] which concluded that plaintiff had violated certain provisions of the Code of Professional Responsibility and that the activities of Research, Inc. may constitute the unauthorized practice of law. Complaint, ¶ 21. After receiving the Ethics Opinion, Bonomi issued an admonitory letter to plaintiff dated November 7, 1973. Complaint, ¶ 34. The admonitory letter notified plaintiff of the complaint by the attorney in London and advised plaintiff that his solicitation letters and the *New York Law Journal* advertisement violated the standards set out in the Code of Professional Responsibility.

In April 1974, the Grievance Committee received yet another complaint concerning plaintiff's advertising, this time from defendant the Florida Bar. Complaint, ¶ 40. Morris Gutt, Associate Counsel to the Committee on Grievances of the Association of the Bar, notified plaintiff by letter of the complaint and requested that plaintiff submit a statement setting forth his position. Plaintiff responded with a brief letter stating that it was his belief that the advertisements were proper. Thereafter, Gutt asked that plaintiff supply the Grievance Committee with further information. Plaintiff requested a hearing and refused to supply the information sought by the Grievance Committee. Complaint, ¶¶ 53, 55.

Subsequently, the Grievance Committee, by subpoena, directed Research, Inc. to produce the information that had been previously requested. Complaint, ¶ 65. In addition, Gutt drafted an internal hearing memorandum [the "Hearing Memorandum"] to prepare the members of the Grievance Committee for the upcoming hearing. Complaint, ¶ 74. The hearing plaintiff had requested began on November 13, 1974, and continued on December 4, 1974 and January 29, 1975. Complaint, ¶¶ 83, 84, 98, 107. Plaintiff alleges that he testified at the hearings, but that he was refused any opportunity to present his case or rebut the accusations made by the Grievance Committee. Complaint, ¶¶ 86, 87, 109.

Plaintiff also alleges that the hearing transcript was tampered with. Complaint, ¶ 97.

Prior to the final hearing on January 29, 1975, plaintiff sought to enjoin the disciplinary proceedings by filing a federal action entitled Attorneys' Research, Inc. and John Babigian v. Association of the Bar of the City of New York, 75 Civ. 359 (MEL). Complaint, ¶¶ 57, 105. The action was subsequently dismissed based on the abstention doctrine.

The investigation was finally closed when the Grievance Committee received from the County Lawyers Association's Committee on Unlawful Practice of Law a notice that the latter had reached an agreement with plaintiff concerning the practices of Research, Inc. Complaint, ¶ 118. Bonomi notified plaintiff that the Grievance Committee was closing its file in the matter on May 16, 1975. Complaint, ¶ 118.

There is no allegation that any further disciplinary action was taken against plaintiff after May 16, 1975.[1] Plaintiff did not take any further judicial action by way of an Article 78 proceeding or otherwise after the Grievance Committee closed its file.

Lastly, plaintiff alleges that he attempted to gain access to his disciplinary file, but that he did not succeed until 1986. Complaint, ¶ 120. Plaintiff also alleges that he has tried to gain access to his file for a second time, but has been unsuccessful. Complaint, ¶ 143–45.

## DISCUSSION

On a motion to dismiss, a court must assume that the allegations contained in the complaint are true. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). Furthermore, a complaint should not be dismissed pursuant to Rule 12(b)(6) unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* A court's function "is not to weigh the evidence that

might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985).

## I. *Statute of Limitations*

■ The Civil Rights Acts, 42 U.S.C. §§ 1981 *et seq.*, do not provide their own limitations periods. *See Burnett v. Grattan*, 468 U.S. 42, 48, 104 S.Ct. 2924, 2928, 82 L.Ed.2d 36 (1984). Thus, the Supreme Court has held that courts entertaining claims brought pursuant to section 1983 should borrow the state statute of limitations for personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985). The Court of Appeals for the Second Circuit has held, in light of *Wilson*, that the statute of limitations in New York for a section 1983 claim is three years. *See Okure v. Owens*, 816 F.2d 45, 49 (2d Cir.1987) (concluding that the general personal injury statute with its three year limit is most analogous to section 1983 claims), *aff'd*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Plaintiff filed the instant complaint on February 18, 1988. Thus, plaintiff's section 1983 claim is timely only if it accrued on or after February 18, 1985. *Cf. Payne v. Geary*, 651 F.Supp. 1357, 1358 (E.D.N.Y. 1987) (limitations period measured from date cause of action accrued to date when action is commenced by filing complaint in federal court).

In determining when an action accrues under section 1983, courts look to federal law. *See Pauk v. Board of Trustees*, 654 F.2d 856, 859 (2d Cir.1981), *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982). Under federal law, a cause of action accrues when "the plaintiff 'knows or has reason to know' of the injury that is the basis of his action." *Pauk*, 654 F.2d at 859 (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir.1980), *cert. denied*, 450 U.S. 920, 101 S.Ct. 1368, 67

---

**1.** The complaint contains few allegations of any kind about events that occurred after the Grievance Committee's investigation was terminated in May 1975. Plaintiff does allege that in December 1975, there was correspondence between Bonomi and the Florida Bar concerning whether the latter should create a special budget

to prosecute plaintiff. Complaint, ¶ 119. Plaintiff also alleges that he subsequently applied for a position as a Housing Court Judge and that he revealed the details of the disciplinary investigation. Complaint, ¶ 121. Plaintiff implies that he did not become a Housing Court Judge because of the disciplinary proceedings.

L.Ed.2d 347 (1981)). Thus, in order to determine when plaintiff's cause of action accrued, the Court must identify the wrong that is the basis of plaintiff's action.

Viewing the complaint in the light most favorable to plaintiff, the gravamen of plaintiff's section 1983 claim is that plaintiff was denied due process during his disciplinary proceedings and that he was disciplined for constitutionally protected advertising. It is clear from the complaint, however, that plaintiff had full knowledge of any alleged constitutional injury at the time of the events in question, which occurred between 1973 and 1975. The Court finds that plaintiff's section 1983 claim accrued at the latest on May 16, 1975, when the Grievance Committee advised plaintiff that it was closing its file on the matter. There is no allegation that any further disciplinary action against plaintiff occurred after May 16, 1975. As plaintiff did not institute the instant action until almost thirteen years after his cause of action accrued, plaintiff's section 1983 claim is time barred. For the same reasons, plaintiff's pendent state law claims are also time barred.[2]

In an attempt to counter defendants' statute of limitations defense, plaintiff argues that he was unaware of certain information and correspondence until February 1986, when he was permitted to view his disciplinary file. Plaintiff asserts, therefore, that the applicable statute of limitations should be tolled and, in addition, that defendants should be estopped from raising the statute of limitations defense because of their allegedly improper conduct.

Questions of tolling and application of state statutes of limitations are governed by state law. *See Wilson*, 471 U.S. at 269, 105 S.Ct. at 1943 (length of limitations period and closely related questions of tolling and application governed by state law). Plaintiff claims that the applicable statute

of limitations should be tolled because until 1986 he was unaware of (1) the 1972 complaint letter from the attorney in London; (2) the 1973 Ethics Opinion; (3) the 1974 Hearing Memorandum prepared by Morris Gutt; (4) the true identity of the writer of the 1974 letter of complaint from the Florida Bar; and (5) the letter from Bonomi to counsel for the Florida Bar stating that action would be taken against plaintiff.

The Court finds that none of the aforementioned items serve to toll the statute of limitations. All relevant information regarding the letter of complaint from the London attorney and the matters discussed in the 1973 Ethics Opinion were set forth in the admonitory letter sent to plaintiff. Moreover, the 1974 Hearing Memorandum does not contain any new or previously unknown matters. Additionally, it is clear from plaintiff's complaint that he did know the identity of the author of the Florida Bar complaint. *See* Complaint, ¶ 112. Finally, in regard to the letter from Bonomi to counsel for the Florida Bar which allegedly stated that action would be taken against plaintiff, plaintiff fails to explain how such a letter would give rise to claim. Furthermore, it is unclear how plaintiff's lack of awareness of such a letter until 1986 prevented plaintiff from having knowledge of the facts necessary to commence the instant action. It is clear that plaintiff knew from at least 1975 of the basic facts necessary to make out his numerous causes of action. Thus, plaintiff's allegation that he was unaware of certain correspondence cannot serve to toll the statute of limitations.

Plaintiff's attempt to invoke the doctrine of equitable estoppel is equally without merit. "Under New York law, a defendant will be equitably estopped from asserting a statute of limitations defense if the defendant's misconduct causes the delay between the accrual of the cause of action

---

**2.** Plaintiff's state law tort claims against the Bar Association defendants are time barred because all the activities giving rise to these alleged claims occurred between 1973 and 1975. *See* Memorandum in Support of Defendants' Motion to Dismiss, at 22–24, 88 Civ. 1123 (JMC) (S.D. N.Y. June 30, 1988). Similarly, plaintiff's challenges to the constitutionality of the rules and

regulations of the First Department and the Departmental Disciplinary Committee are time barred as well for the reasons stated in State defendants' memorandum of law. *See* Memorandum of Law in Support of the State Defendants' Motion to Dismiss the Complaint, at 35, 88 Civ. 1123 (JMC) (S.D.N.Y. July 11, 1988).

and the institution of the legal proceeding." *Salahuddin v. Coughlin*, 647 F.Supp. 49, 52 (S.D.N.Y.1986). The Court finds nothing in the complaint, however, which would indicate that defendants engaged in any misconduct that caused plaintiff to delay the institution of these proceedings. As stated above, plaintiff knew the basic facts necessary to institute his claim. "Courts do not view with favor a claim of estoppel grounded in fraud where it appears the basic facts were known to the claimant within the [limitations period]." *Augstein v. Levey*, 3 A.D.2d 595, 598, 162 N.Y.S.2d 269, 273 (1st Dep't 1957), *aff'd*, 4 N.Y.2d 791, 149 N.E.2d 528, 173 N.Y.S.2d 27 (1958).

Finally, it is clear that plaintiff did not act with due diligence in seeking to obtain the documents in his disciplinary file. This is an additional bar to plaintiff invoking the doctrine of equitable estoppel. *See, e.g., Simcuski v. Saeli*, 44 N.Y.2d 442, 450, 377 N.E.2d 713, 717, 406 N.Y.S.2d 259, 263 (1978) ("due diligence on the part of the plaintiff ... is an essential element for the applicability of the doctrine of equitable estoppel").

All the relevant events comprising plaintiff's claims occurred between 1973 and 1975. Thus, the Court finds that plaintiff's federal claims as well as his pendent state claims are barred by the applicable statute of limitations. Accordingly, the complaint is dismissed.[3] Fed.R.Civ.P. 12(b)(6).

## II. *Supplemental Complaint*

■ Plaintiff has filed a Supplemental Complaint which adds a cause of action for damages against the State defendants. The Supplemental Complaint, which contains no specific factual allegations, reads in pertinent part as follows: "Defendants Gentile, Reynolds and Murphy conspired to block an investigation of plaintiff's complaints against the Grievance Committee defendants, and wilfully refuse to grant plaintiff further access to his investigatory file in order to deny plaintiff the evidence required to sustain this action." Supplemental Complaint, ¶ 158.[4]

State defendants move on various alternate grounds to dismiss the Supplemental Complaint. Plaintiff opposes the motion. After carefully reviewing and considering the arguments submitted by the parties, the Court finds that the Supplemental Complaint clearly fails to state a claim against any of the State defendants. Accordingly, for the reasons stated in the Memorandum of Law in Support of the State Defendants' Motion to Dismiss the Supplemental Complaint, 88 Civ. 1123 (JMC) (S.D.N.Y. May

---

**3.** Since the Court finds that all of plaintiff's claims are time barred, it need not discuss in detail the alternate grounds raised by defendants in their motions to dismiss. The Court notes, however, that for the reasons set forth in defendants' detailed and well documented moving papers, plaintiff's complaint is subject to dismissal on various alternate theories.

First, the Court finds that the Bar association defendants are entitled to absolute immunity from damage claims arising out of plaintiff's section 1983 and pendent state law claims. *See* Memorandum in Support of Defendants' Motion to Dismiss, at 33–42, 88 Civ. 1123 (JMC) (S.D.N.Y. June 30, 1988). Second, plaintiff's section 1983 claim is insufficient because there were adequate state post-deprivation procedures to rectify any alleged wrong. *See id.* at 43–44. Third, the Court lacks subject matter jurisdiction over plaintiff's claims against the State defendants. *See* Memorandum of Law in Support

of the State Defendants' Motion to Dismiss the Complaint, at 14–23, 88 Civ. 1123 (JMC) (S.D.N.Y. July 11, 1988) ["State Defendants' Memorandum"]; *see also Zimmerman v. Grievance Committee*, 726 F.2d 85, 86 (2d Cir.), *cert. denied*, 467 U.S. 1227, 104 S.Ct. 2681, 81 L.Ed.2d 876 (1984). Fourth, plaintiff lacks standing to assert claims against the current rules and regulations of the First Department or to compel disciplinary proceedings against the Grievance Committee defendants. *See* State Defendants' Memorandum, at 24–32. Finally, the Court lacks personal jurisdiction over the Florida Bar defendants. *See* Memorandum of Law in Support of Motion to Dismiss by the Florida Bar, Norman Faulkner and E. Earle Zehmer, at 3–4, 88 Civ. 1123 (JMC) (S.D.N.Y. May 17, 1988).

**4.** Plaintiff did not obtain the Court's permission before serving the Supplemental Complaint in violation of Rule 15(d). *See* Fed.R.Civ.P. 15(d).

26, 1989), the Supplemental complaint is dismissed. Leave to replead is denied.

## CONCLUSION

Defendants' motions to dismiss are granted. Fed.R.Civ.P. 12(b)(6). The Clerk of the Court is directed to enter judgment for defendants and to dismiss the Complaint and the Supplemental Complaint.

SO ORDERED.