**PORT AUTHORITY OF NEW YORK AND NEW JERSEY, et ano.,
Plaintiffs,**

v.

**ALLIED CORPORATION,
et al., Defendants.**

No. 91 Civ. 0310.

United States District Court,
S.D. New York.

March 29, 1995.

Ezra I. Bialik, Milton H. Pachter, Milton H. Pachter, Office of Senior Litigation Counsel, Port Authority of New York and New Jersey, New York City, for The Port Authority of New York and New Jersey, Port Authority Trans–Hudson Corp.

Jeffrey S. Lyons, Dechert Price & Rhoads, Jeffrey R. More, Coleman & Rhine, New York City, for Armstrong Contracting & Supply Corporation.

Howard I. Rhine, Coleman & Rhine, New York City, for Armstrong World Industries, Inc.

William Stoycos, Gollatz, Griffin & Ewing, P.C., Philadelphia, PA, Robert L. Joyce, Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, for Asbestos Corporation, Ltd.

Robert Joyce, Wilson Elser Moskowitz Edelman & Dickler, New York City, for Asbestos Product Mfg. Corporation, Asbestospray Corp.

Suzanne M. Halbardier, Barry, McTiernan & Moore, New York City, for Empire Ace Insulation Manufacturing Corporation.

Steven Napolitano, Skadden, Arps, Slate, Meagher & Flom, New York City, for The Flintkote Company.

M. Bradford Stein, Flemming, Zulack & Williamson, L.L.P., New York City, for GAF Corporation.

Jason T. Cohen, Flemming, Zulack & Williamson, L.L.P., New York City, Dean R. Nicyper, Flemming, Zulak & Williamson, L.L.P., New York City, for W.R. Grace.

David M. Schlecker, Cahill Gordon & Reindel, New York City, for Keene Corporation.

Jacob H. Zamansky, Silbert & Sena, L.L.P., New York City, James D. Silbert, Silbert & Sena, L.L.P., New York City, for Owens–Corning Fiberglas Corp.

W. Philip Jones, Charles Vermette, Danaher, Tedford, Lagnese & Neal, P.C., Hartford, CT, for Pittsburgh Corning Corporation.

John Murphy, Heidell, Pittoni, Murphy & Bach, New York City, for H.H. Robertson, Co.

Thomas I. Sheridan, III, Todd L. Schleifstein, Haythe & Curley, New York City, for Turner & Newell Ltd.

Thomas I. Sheridan, III, Clinton B. Fisher, Todd L. Schleifstein, Charles E. Dorkey, III, Haythe & Curley, New York City, Blake Perkins, Coblence & Warner, New York City, for Turner & Newell P.L.C.

James W. Harbison, Carolyn Widmer Jaffe, James W. Harbison, Morgan Lewis & Bockius, New York City, for United States Gypsum Company.

Eugene H. Lieber, Lieber & Lieber, New York City, Paul F. Slater, Danaher, Tedford, Lagnese & Neal, New York City, for United States Mineral Products Company.

Willaim D. Gallagher, McMahon, Martine & Merritt, New York City, for Tishman Realty and C, Construction Co., Inc.

Gallit Schuller, LeBoeuf, Lamb, Leiby & MacRae, New York City, for Aluminum Company Ame, America.

## MEMORANDUM & ORDER

BRIEANT, District Judge.

In June of 1987 plaintiffs commenced this action against numerous companies that mined, manufactured, sold or installed various asbestos products, claimed to have been installed between 1920 and 1975 in buildings owned or leased by plaintiffs.

On June 27, 1994 plaintiffs filed a Second Amended Complaint, alleging claims based on (1) negligence, (2) strict tort liability, (3) indemnification, (4) breach of express warranties, (5) breach of implied warranties, (6) fraud and misrepresentation, and (7) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). By motion filed August 4, 1994, defendants moved to dismiss plaintiffs' fourth and fifth claims for breach of express and implied warranties of merchantability and fitness for use. The

Court heard oral argument on December 2, 1994.

To support dismissal of the warranty claims defendants argue that the claims are barred by the U.C.C. § 2–725 four year statute of limitations governing actions for breach of contract for the sale of goods, and that the amendment to the CPLR, commonly called the "Toxic Tort Revival Act", 1986 N.Y.Laws ch. 682, § 4, does not resurrect these otherwise time barred contract claims.

Plaintiffs assert that the warranty claims are not barred by the four year statute of limitations because of the exception in U.C.C. § 2–725(2) for actions based on breach of an explicit warranty for future performance. Alternatively, plaintiffs claim the benefit of the Toxic Tort Revival Act. Lastly, plaintiffs contend defendants are equitably estopped from relying on the statute of limitations defense, because of their active concealment of the hazards of asbestos which prevented plaintiff from discovering the warranty breach within the four year period. Plaintiffs assert that their allegations of active concealment raise a triable issue.

Dismissal of the fourth and fifth claims will not dispose of this case and does little toward ultimate resolution of the parties' dispute, because there remain outstanding claims for strict tort liability, negligence, indemnification, fraud and misrepresentation, and RICO. However, dismissal might narrow the issues for trial, and our trial jury should not be burdened by considering inapplicable and duplicative legal theories. The Court concludes that the motion should be granted.

■ By its very nature an implied warranty cannot be explicit, and thus cannot be saved by the § 2–725(2) exception for explicit warranties as to future performance. Plaintiffs have submitted nothing which qualifies as an explicit warranty as contemplated by the U.C.C. § 2–725(2).

■ U.C.C. § 2–725 provides in relevant part:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued
. . .

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

New York courts interpreting this section have held that it applies to breach of warranty claims involving the installation of asbestos products in buildings. *888 7th Avenue Assocs. Ltd. Partnership v. AAER Sprayed Insulations, Inc.*, 199 A.D.2d 50, 605 N.Y.S.2d 25 (1st Dept.1993); *Glod v. Ashland Chemical Co.*, 145 Misc.2d 200, 546 N.Y.S.2d 748 (Sup.Ct., Oswego County 1989) (involving toxic chemicals causing asthma), *aff'd as modified on other grounds*, 168 A.D.2d 954, 564 N.Y.S.2d 905 (4th Dept. 1990); *See also Heller v. U.S. Suzuki Motor Co.*, 64 N.Y.2d 407, 411, 488 N.Y.S.2d 132, 477 N.E.2d 434 (1985).

In this case, any breach of warranty claims for asbestos products installed or tendered on or before June 23, 1983 are time barred. It is undisputed that the last tender of delivery of defendants' asbestos products was before June of 1983.

Plaintiffs' reliance on the "future performance" exception of U.C.C. § 2–725(2) is ineffective because any such warranty relied on must be explicit. Logically, implied warranties cannot explicitly extend to future performance. *Holdridge v. Heyer–Schulte Corp.*, 440 F.Supp. 1088, 1103 (N.D.N.Y.1977). In *H. Sand & Co., Inc. v. Airtemp Corp.*, 738 F.Supp. 760 (S.D.N.Y.1990), *aff'd in part, rev'd in part on other grounds*, 934 F.2d 450 (2d Cir.1991), the court held that "[t]he term 'explicit' has been explained as plain language which is distinctly stated, clear and unequivocal to the point that there is no doubt as to its meaning." 738 F.Supp. at 770. Plaintiffs' fourth claim for breach of implied warranty cannot fit within the explicit "future performance" exception to the U.C.C. four year statute of limitations.

■ Plaintiffs' fifth claim for breach of express warranty likewise does not fall within the future performance exception. Since all warranties in some way apply to the future performance of goods, the normal four year limitations period generally is not extended pursuant to the future performance exception unless the warranty specifically refers to a future time. *Holdridge*, 440 F.Supp. at 1103. Our Court of Appeals in *Rosen v. Spanierman*, 894 F.2d 28 (2d Cir. 1990) held:

> It would be inappropriate to expand this exception beyond its plain terms by dispensing with the condition that, to take advantage of the exception, the warranty *explicitly* extend to future performance.

894 F.2d at 31 (Emphasis in original).

Plaintiffs' allegations in the Second Amended Complaint are not sufficient to come within the "future performance" exception. These allegations, taken as true, show some defendants implicitly representing through product literature that their respective products did not require "repeated checking" or create a "dusting problem", were "unaffected by vibration or normal structural movement", "will not crack or spall, dust or flake", and "that no respirable substances result from the use" of the product. (Second Amended Complaint, ¶¶ 209, 283, 284). Plaintiffs also allege that photographs in defendants' promotional catalogs showed workers applying and handling asbestos products without respiration equipment. (Second Amended Complaint, ¶¶ 118, 157, 177, 254). However, these photographs and the product literature do not state that any warranties given by the defendants extended to an explicit future time. Accordingly, the Court declines to extend the applicable statute of limitations.

■ Plaintiff's reliance on the Toxic Tort Revival Act is also misplaced. That statute revived for one year from July 30, 1986 actions for personal injury, injury to property, or wrongful death occurring as the result of exposure to certain toxic substances, including asbestos. As previously noted, plaintiffs' action was commenced in June 1987. Damage actions for breach of warranty are not actions for personal injury, injury to proper-

ty or wrongful death, within the meaning of the Toxic Tort Revival Act. The term "injury to property" is defined in General Construction Law § 25–b, a prior statute, as "an actionable act, whereby the estate of another is lessened, *other* than a personal injury, *or the breach of a contract.*" (Emphasis added). Warranty claims are based on breach of contract, and not tort. Accordingly, the Toxic Tort Revival Statute is not a basis to resurrect plaintiffs' contractual warranty claims.

■ The Court finds no basis for an equitable estoppel based on defendants' alleged active concealment of the alleged hazards of asbestos. There is no evidence of active concealment. In the absence of a fiduciary relationship there was no affirmative duty to disclose, nor did defendants prevent plaintiffs from bringing a timely action on their warranty claims through active misrepresentation or concealment of facts. Concealment of the hazards of asbestos goes to the heart of plaintiffs' tort claims, not the contractual warranty claims. *See Holdridge*, 440 F.Supp. at 1105. The tort claims remain for adjudication.

Defendants' motion to dismiss the fourth and fifth claims for breach of implied and express warranty is granted. The Court declines to make the ruling contemplated by Rule 54(b) Fed.R.Civ.P. at this time. All counsel shall confer, and appear before the Court on April 28, 1995 at 12:00 p.m. to inform the Court of what remains to be done to assure trial readiness within a reasonable time.

SO ORDERED.