■ John D. Contento, as Executor of Josephine E. Contento, Deceased, Respondent, v Cortland Memorial Hospital, Appellant. [654 NYS2d 216] —Mikoll, J. P. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered May 8, 1996 in Cortland County, which denied defendant's motion for summary judgment dismissing the complaint.

On September 6, 1992, plaintiff's decedent, Josephine E. Contento (hereinafter decedent), was admitted to defendant's emergency room for treatment of a broken hip. Decedent remained under the care of defendant until she died on October 4, 1992 at the age of 72.

Plaintiff, who was decedent's husband, commenced this malpractice action against defendant on October 5, 1995 seeking to recover for wrongful death and conscious pain and suffering as well as loss of consortium of his wife, who died after hip surgery performed at defendant's facility. Defendant answered and moved for summary judgment seeking dismissal of the claim based on the applicable Statute of Limitations. The Statute of Limitations was also interposed as an affirmative defense in defendant's answer. Defendant also alleged that no basis existed to estop defendant from asserting the Statute of Limitations. Supreme Court denied defendant's motion without opinion. This appeal ensued.

Defendant's contention that the causes of action for wrongful death and conscious pain and suffering are time barred and that estoppel does not defeat its motion to dismiss is meritorious. The two-year Statute of Limitations under EPTL 5-4.1 bars the cause of action for wrongful death (see, *Dunefsky v Montefiore Hosp. Med. Ctr.*, 162 AD2d 300), while the $2^1/_2$-year limitation under CPLR 214-a bars the action for conscious pain and suffering. Thus both actions are time barred in this case.

We reject plaintiff's argument that defendant's misrepresentations caused him to commence the actions late and that an affirmance of Supreme Court's order is required. While a defendant may be estopped from pleading the Statute of Limitations where the plaintiff "was induced by fraud, misrepresenta-

tions or deception to refrain from filing a timely action" (*Simcuski v Saeli*, 44 NY2d 442, 449), "[t]he doctrine of equitable estoppel will not apply if the plaintiff possesses 'timely knowledge' sufficient to place him or her under a duty to make inquiry and ascertain all the relevant facts prior to the expiration of the applicable Statute of Limitations" (*McIvor v Di Benedetto*, 121 AD2d 519, 520).

In the case at bar, it is clear from the facts that plaintiff did not justifiably rely upon a report furnished by defendant for purposes of extending the Statute of Limitations and was not prevented from going forward with the prosecution of the claims while they were timely. The evidence supporting plaintiff's claims was not withheld or concealed by defendant. Plaintiff was informed early on by counsel with whom decedent's daughter consulted that there were problems with establishing plaintiff's claims and that plaintiff would encounter substantial expense in retaining experts and going forward with the litigation. Plaintiff was free to retain experts and go forward with its case (*cf.*, *Cassidy v County of Nassau*, 84 AD2d 742 [the defendant was estopped from asserting the defense of the Statute of Limitations because of the failure of its laboratory to furnish an actual laboratory finding which formed the exact basis for the action]).

The report of defendant here neither deceived nor masked suspected deficiencies and plaintiff could have retained his own experts to develop the evidence necessary to his case. Admittedly, the significant costs in proceeding were a factor in plaintiff's delay and plaintiff was unwilling to go forward in the face of these risks. Thus, estoppel is not applicable in the circumstances presented.

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.