■ NOEL DAVIS, Respondent, v A.O. SMITH CORPORATION et al., Appellants, et al., Defendant. [691 NYS2d 605] —Peters, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered September 2, 1998 in Delaware County, which, *inter alia*, partially denied motions by defendants A.O. Smith Corporation, A.O. Smith Harvestore Products, Inc. and Empire Harvestore Systems, Inc. for summary judgment dismissing the complaint against them.

Plaintiff, a dairy farmer, leased a silo in February 1980 from defendant Agristor Credit Corporation which was manufactured by defendant A.O. Smith Harvestore Products, Inc., a subsidiary of defendant A.O. Smith Corporation (hereinafter collectively referred to as A.O. Smith), and erected upon his property by defendant Empire Harvestore Systems, Inc. In April 1987, more than five years prior to the commencement of this action, plaintiff filed a voluntary chapter 11 bankruptcy petition "following substantial losses and the nonpayment of real estate taxes and default in mortgage payments". Agristor thereafter received an order from the Bankruptcy Court in April 1989 permitting its removal of the silo for the nonpayment of the lease.

In preparation to oppose Agristor's motion to dismiss the chapter 11 bankruptcy petition, and to resist its collection of the balance due on the lease, plaintiff wrote to his bankruptcy attorney on December 6, 1989, two years and eight months

before the instant action was filed, detailing his "criticisms" and "complaints" in connection with the Harvestore unit. Therein, plaintiff clearly alleges that "costs associated with the usage of the unit were completely distorted by the Harvestore salesman" and that "[s]ales people were deceptive about the precision required in filling the unit in order to obtain maximum feed value". Hence, Davis opposed Agristor's motion by contending that he was provided with "defective equipment" and proffered his December 6, 1989 letter outlining "his claims for misrepresentation and other damages sustained as a result of the lease of the Harvestore". Plaintiff's chapter 11 bankruptcy proceeding was dismissed on February 28, 1990 upon Agristor's motion.

In March 1990, Agristor commenced an action in Federal court to recover the unpaid lease payments. On March 30, 1990, plaintiff answered the complaint and alleged, as his first affirmative defense, that "agents and representatives of [Agristor] made certain representations to [plaintiff] relative to the capabilities of the leased equipment, and particularly with respect to maintenance and feed value". Plaintiff continued his contentions by stating that "representations were stated to be factual by representatives of [Agristor], and were made for the purpose of inducing [plaintiff] to enter into the lease contract with [Agristor]". Plaintiff further stated that Agristor's agents "knew or should [have] known that said statements were false at the time made; knew or should [have] known that [plaintiff] would rely upon said statements and representations; and [plaintiff] did in fact rely upon said statements to [his] damage and detriment".

Although yet another bankruptcy petition was filed by plaintiff on July 22, 1992, more than two years and four months after the affirmative defenses were raised in the Federal Agristor action, plaintiff commenced this action asserting causes of action for, *inter alia*, fraud, misrepresentation and breach of warranties specifically related to the oxygen-limiting capabilities of the silo. Following joinder of issue, A.O. Smith and Empire moved for summary judgment, while Agristor cross-moved for summary judgment by contending that the prior bankruptcy proceeding precluded any action against it. Supreme Court granted Agristor's cross motion and that part of the other defendants' motions which alleged that the express warranty cause of action was barred by the parole evidence rule and that the implied warranty claims were excluded by contractual disclaimers. Supreme Court also held that the contractual exclusion for consequential damages was enforce-

able as to all claims flowing from the breach of contract but not to recovery, if any, on the fraud cause of action. A.O. Smith and Empire (hereinafter collectively referred to as defendants) appeal from the adverse portion of the order.

Addressing first plaintiff's contention that the doctrine of equitable estoppel precludes defendants from seeking the dismissal of any remaining causes of action on timeliness grounds, we note that to be entitled to such relief, plaintiff must demonstrate "that defendant made false representations or concealed material facts * * * that such was done with the intention or expectation that such conduct would be acted upon by [him] and * * * that defendant had actual or constructive knowledge of the true facts" (*Griesemer v Bourst*, 141 AD2d 919, 920). Such equitable relief will not, however, be available " 'if the plaintiff possesses "timely knowledge" sufficient to place him or her under a duty to make inquiry and ascertain all the relevant facts prior to the expiration of the applicable Statute of Limitations' " (*Contento v Cortland Mem. Hosp.*, 237 AD2d 725, 726, *lv denied* 90 NY2d 802, quoting *McIvor v Di Benedetto*, 121 AD2d 519, 520).

Although plaintiff contends that defendants misinformed him with regard to the oxygen-limiting capabilities of the silo through, *inter alia*, dealer publications, periodicals and sales presentations while they were fully cognizant of its defects and knew that plaintiff would be induced to rely thereon, we find that plaintiff possessed "timely knowledge" to preclude the imposition of this equitable remedy. Considering the letter written by plaintiff on December 6, 1989 and submitted in opposition to Agristor's motion to dismiss his chapter 11 bankruptcy proceeding, coupled with his March 1990 answer to the complaint in the Federal Agristor action, we find that plaintiff had a duty to inquire further as to the misrepresentations and frauds he alleged. As the record reveals that plaintiff was not prevented from going forward with such claims while they were still timely (*see, Contento v Cortland Mem. Hosp., supra,* at 726), there exists no basis upon which the doctrine of equitable estoppel could be used to revive a stale claim.

Hence, the issue becomes whether the remaining causes of action are barred as untimely. Addressing the fraud cause of action, it is undisputed that plaintiff's claim is barred by the six-year Statute of Limitations (*see,* CPLR 203 [g]; 213 [8]). However, the claim could survive if it could be determined that plaintiff did not know or have reason to know of the fraud more than two years prior to the commencement of the action. "[H]aving positive knowledge of fraud is not required to com-

mence the running of the two-year Statute of Limitations" (*Watts v Exxon Corp.*, 188 AD2d 74, 76). Termed the "discovery rule", it is now well settled that "a plaintiff need only be aware of enough operative facts 'so that, with reasonable diligence, [he] could have discovered the fraud'" (*id.*, at 76, quoting *Neuhs v Ingersoll Rand Co.*, 115 AD2d 187, 188-189, *lv denied* 67 NY2d 604).

Our review of the record reveals that despite plaintiff's contentions to the contrary, he possessed sufficient operative facts more than two years prior to the commencement of this action which indicated that further inquiry should be pursued to determine whether he had been defrauded. This is evidenced by his letter in December 1989 to his bankruptcy attorney listing the fact that the A.O. Smith Harvestore salespeople were "deceptive" and that they "completely distorted" the information upon which he relied, as well as by his answer on March 30, 1990 in the Federal Agristor action wherein he alleged, as an affirmative defense, fraud and misrepresentation. Since these criticisms and complaints ultimately formed the basis of the instant action, we find plaintiff's fraud cause of action untimely. As we found the doctrine of equitable estoppel inapplicable here, we further dismiss, as untimely, plaintiff's claim for negligent misrepresentation and his claim for strict liability. Upon this determination, we need not address any remaining contentions.

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the order is modified, on the law, with one bill of costs to defendants A.O. Smith Corporation, A.O. Smith Harvestore Products, Inc. and Empire Harvestore Systems, Inc., by reversing so much thereof as denied said defendants' motions for summary judgment; motions granted, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed.