■ WATER AUTHORITY OF WESTERN NASSAU COUNTY, Respondent-Appellant, v LOCKHEED MARTIN CORPORATION et al., Appellants-Respondents. [714 NYS2d 726] —In an action, *inter alia,* to recover for damages to real property, the defendants appeal from an order of the Supreme Court, Nassau County (McCarty, J.), entered October 4, 1999, which denied their motion, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that the action was barred by the Statute of Limitations, and the plaintiff cross-appeals from stated portions of the same order.

Ordered that the cross appeal is dismissed, as the plaintiff is not aggrieved by the order (*see,* CPLR 5511); and it is further,

Ordered that the order is reversed, on the law, the motion is granted, and the complaint is dismissed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The defendants' motion was, in actuality, one to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that the action was barred by the Statute of Limitations as set forth in CPLR 214-c (2). The Supreme Court concluded that the action had not been timely commenced within the three-year period set forth in CPLR 214-c (2), but denied the motion on the ground that the action was timely commenced within the extended period of CPLR 214-c (4).

Under the Statute of Limitations contained in CPLR 214-c (2), the three-year period commences from the date of discovery of the injury by the plaintiff or from the date when, through the exercise of reasonable diligence, such injury should have been discovered by the plaintiff. The date of discovery is determined by the date the injured party discovers or should have discovered, through the exercise of reasonable diligence, the primary condition on which the claim is based, whichever is earlier (*see, Whitney v Quaker Chem. Corp.,* 90 NY2d 845; *Matter of New York County DES Litig.,* 89 NY2d 506).

Here, it is undisputed that the site purchased by the plaintiff was determined in 1989 to have ground water contamination. The Nassau County Department of Public Works was made aware of this condition that same year and the previous owner, Jamica Water Supply Company, built a treatment facility to remove contaminants. The Water Authority of Western Nassau

County (hereinafter the Water Authority) was created by legislative action in 1991. In 1994 it was authorized to investigate the feasibility of purchasing the portion of the Jamica Water Supply Company which was located in Nassau County. The holding company of Jamica Water Supply Company had filed for bankruptcy, but was allowed to entertain purchase offers. The Water Authority admits that it entered into serious negotiations to purchase the assets of Jamica Water Supply Company in the fall of 1995. The Water Authority subsequently signed an asset acquisition agreement with the Jamica Water Supply Company on February 9, 1996, wherein they agreed to acquire the Nassau County portion of Jamica Water Supply Company by condemnation. The purchase, including the treatment facility, was completed by May 26, 1996. Subsequently, the Water Authority retained an engineering firm to report on the groundwater contamination at, and adjacent to, the treatment facility. In August 1998 this firm issued a draft report which concluded that the source of the contamination was the defendants' property. The Water Authority commenced this action on December 30, 1998. In lieu of an answer, the defendants moved for dismissal contending that the Statute of Limitations contained in CPLR 214-c had expired.

Contrary to the plaintiff's contention, the three-year Statute of Limitations had expired by the time it commenced this action on December 30, 1998. This was not a latent injury, as the contamination was well documented in 1989. The injury to the property should have been discovered through the exercise of reasonable diligence during the feasibility study period in 1994. In addition, the injury could have been discovered during the serious negotiations leading to the purchase which took place in the fall of 1995 because the purchase by condemnation included the treatment facility. Accordingly, the Statute of Limitations began to run no later than the fall of 1995 and the three-year time period expired by the date of the commencement of this lawsuit. Additionally, the one-year renewal period afforded by CPLR 214-c (4) is not applicable because sufficient technical, scientific, and medical knowledge existed during the relevant time period to determine the cause of the contamination (*see, Matter of New York County DES Litig., supra*).

The cross appeal must be dismissed because the plaintiff is not aggrieved by the order and received complete relief therein (*see,* CPLR 5511). We need not reach the question raised on the cross appeal in light of our decision. Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.