■ IsH CHOPRA, Appellant, v PELLA WINDOW CORPORATION, Respondent. [768 NYS2d 680]—

Rose, J. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered November 27, 2002 in Broome County, which granted defendant's motion to dismiss the complaint.

Plaintiff commenced this action in February 2002, alleging breach of warranty arising from the sale of windows in 1990. Defendant moved for dismissal of the complaint on the ground that the applicable statute of limitations had expired (*see* UCC 2-725). Supreme Court granted the motion and dismissed the complaint.

On appeal, plaintiff asserts that defendant breached a warranty of future performance and, thus, the statute of limitations did not begin to run until he discovered in 2002 that a defect in the windows' design or manufacture caused them to leak water into his home (*see* UCC 2-725 [2]). The record, however, is devoid of any allegation that defendant warranted that its windows would work for any specified period of time (*see Imperia v Marvin Windows of N.Y.*, 297 AD2d 621, 623 [2002]; *St. Patrick's Home for Aged & Infirm v Laticrete Intl.*, 264 AD2d 652, 657 [1999]). Rather, plaintiff concedes that no written warranty was made and, in his complaint, he alleged only that "[d]efendant warranted that said windows would be free of defects, merchantable, and suitable for use in plaintiff's home." Since the implied warranties of merchantability and fitness do not extend to future performance, they do not invoke the discovery provision of UCC 2-725 (2) (*see Port Auth. of N.Y. & N.J. v Allied Corp.*, 914 F Supp 960, 962 [1995]; *Holdridge v Heyer-Schulte Corp. of Santa Barbara*, 440 F Supp 1088, 1104 [1977]).

We also reject plaintiff's contention that defendant should be equitably estopped from asserting a statute of limitations defense (*see Matter of Steyer*, 70 NY2d 990, 992-993 [1988]; *Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]). He alleges that he first brought the leakage problem to defendant's attention in 1992, he continued to complain each year thereafter and yet defendant's employees misrepresented the cause to be the improper installation of the windows and suggested various ineffectual remedies. However, there is no evidence that defendant prevented plaintiff from making further inquiry and discovering the true cause of the problem before 2002. Nor is there evidence that defendant concealed the windows' defects or promised to repair them. While plaintiff may not have known what defect caused the leakage when he first complained in 1992, he had timely knowledge sufficient to place him under a duty to make inquiry and ascertain all the relevant facts prior to the expiration of the four-year statute of limitations (*see Davis v Smith Corp.*, 262 AD2d 752, 756 [1999]; *Contento v*

*Cortland Mem. Hosp.*, 237 AD2d 725, 726 [1997], *lv denied* 90 NY2d 802 [1997]). Accordingly, Supreme Court properly dismissed the action as time barred.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.