■ MICHAEL V. THOMA, JR., et al., Appellants-Respondents, v TOWN OF SCHODACK, Respondent-Appellant. [776 NYS2d 109]—

Peters, J. (1) Cross appeals from an order of the Supreme Court (Ceresia, Jr., J.), entered January 15, 2003 in Rensselaer County, which partially granted defendant's motion for partial summary judgment dismissing the complaint, and (2) appeal from an order of said court, entered June 30, 2003 in Rensselaer County, which denied plaintiffs' motion for reconsideration.

Plaintiffs reside on separate parcels in the Town of Schodack, Rensselaer County. By action commenced in July 1993, plaintiffs allege that since 1960, defendant has allowed salt and other noxious chemicals to contaminate its salt storage facility which then leaked onto plaintiffs' respective properties and rendered their water unpotable. The complaint included causes of action alleging a continuing nuisance and trespass, as well as claims of negligence and strict liability. Monetary and equitable relief were sought.

Defendant moved for partial summary judgment, alleging that the action was not timely commenced pursuant to CPLR 214-c and General Municipal Law §§ 50-e[1] and 50-i. Supreme Court, finding CPLR 214-c (2) applicable, granted defendant's motion dismissing the claims of all plaintiffs for compensatory damages except those asserted by plaintiff Raymond W. Poole. Both parties appeal that order and plaintiffs also appeal the denial of their motion to reargue and/or renew.

Plaintiffs claim that the three-year limitations period set forth in CPLR 214-c (2) does not apply because their compensatory damage claims are incidental to their claims for injunctive relief. While our resolution will "not . . . affect or purport to affect the availability . . . of . . . injunctive equitable relief" (*Jensen v General Elec. Co.*, 82 NY2d 77, 90 [1993]; *see Alamio v Town of Rockland*, 302 AD2d 842, 844 [2003]), we must determine whether "the principal objective of the action is [to seek] equitable rather than monetary relief" (*Alamio v Town of Rockland,*

---

**1.** It is undisputed that plaintiffs filed a notice of claim pursuant to General Municipal Law § 50-e.

*supra* at 843-844). To do so, "we consider the complaint in the light of all its allegations and its full scope and purport" (*Watts v Town of Gardiner,* 90 AD2d 615, 615 [1982]). This record wholly supports Supreme Court's determination that the gravamen of the action is one for compensation; the multimillion dollar damage claims are not merely incidental to the equitable relief sought (*see Robertson v Town of Carmel,* 276 AD2d 543, 544 [2000]; *American Pen Corp. v City of New York,* 266 AD2d 87, 88 [1999]).

Nor do we find merit in the contention that CPLR 214-c (2), the toxic tort statute of limitations provision, is not applicable because salt is not a "toxic" substance. The statutory language emphasizes recovery for any injury "caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body or upon or within property" (CPLR 214-c [2]). As these words, "leave[ ] no room for judicial insertion of qualification or exceptions by interpretation, especially when the context and evolution of this historic legislation is examined" (*Jensen v General Elec. Co., supra* at 83), there exists no basis to conclude that salt contamination would be excluded from its coverage (*see Enright v Lilly & Co.,* 77 NY2d 377, 385 n 1 [1991], *cert denied* 502 US 868 [1991]; *Di Marco v Hudson Val. Blood Servs.,* 147 AD2d 156, 159-160 [1989]).

Neither does the doctrine of equitable estoppel preclude defendant from raising a statute of limitations defense (*see Davis v A.O. Smith Corp.,* 262 AD2d 752, 754 [1999]). The record reveals that defendant advised all affected property owners in 1981 that the salt contamination at its storage facility was the likely source of the contamination found in their wells and that it intended to take remedial measures. Defendant's failure to do anything thereafter does not establish the elements of an equitable estoppel but, instead, placed plaintiffs under a duty to make further inquiry (*see Chopra v Pella Window Corp.,* 2 AD3d 1087, 1088 [2003]; *Davis v A.O. Smith Corp., supra* at 754); no evidence showed that defendant prevented plaintiffs from making such inquiry or discovering the cause of the problem.

Addressing the summary dismissal of the claims asserted by plaintiffs Violet S. O'Neil and Joseph T. Stollsteimer,[2] we find that defendant sustained its prima facie burden of demonstrating, through the use of the parties' own depositions, that they either knew or should have known, through the exercise of reasonable diligence, that there was contamination to their well water prior to the expiration of the applicable limitations period

---

2. Plaintiff Michael V. Thoma, Jr. did not make this argument on appeal.

(see *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).[3] These plaintiffs failed to timely offer a scintilla of evidence in opposition to demonstrate the existence of a material issue of fact concerning either their prior knowledge or a misunderstanding of the representations that they made during their sworn testimony. By contrast, Poole testified that, although he knew of problems with the water in 1984 because his parents brought a claim against defendant in connection therewith, he did not know the results of that litigation. When he purchased the property from them in the early 1990s, he was aware that at least one well was contaminated "to a certain degree," but was unaware that such salt contamination rendered all of the water unpotable; he and his family continued to drink the water. For these reasons, Supreme Court properly found that defendant failed to establish when Poole's claim for property damage accrued (see *Water Auth. of W. Nassau County v Lockheed Martin Corp.,* 276 AD2d 624, 625 [2000], *lv denied* 96 NY2d 702 [2001]) or that the property had no value in the year he purchased it.

Finally, the denial of plaintiffs' motion to reargue is not appealable (see *Chase Manhattan Bank v Harris,* 2 AD3d 999, 1000 [2003]). Even if we were to characterize the motion as one to renew, no proffer demonstrated why the newly presented evidence was not initially presented or could not have been discovered at the time of the prior application (see *Spa Realty Assoc. v Springs Assoc.,* 213 AD2d 781, 783-784 [1995]).

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.

---

**3.** Defendant offered, among other things, O'Neil's deposition testimony wherein she admitted that she knew of the salt contamination prior to 1980, of having received a letter from defendant in 1981 so informing her, and her letter in return affirmatively stating that her well was not safe for drinking. As to Stollsteimer, his deposition testimony revealed that he knew that his neighbors had experienced problems with their water since the early 1980s and that his water was contaminated in 1989.