■ PETER D'AGOSTINO et al., Appellants, v TOWN OF POUND RIDGE, Respondent. [839 NYS2d 532]—

In an action, inter alia, for an injunction and to recover damages for injury to property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered July 11, 2005, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs, who purchased real property in the Town of Pound Ridge in 1995, commenced this action in 2003 against the Town, alleging that its practice of using salt to de-ice roads and plowing large quantities of salt-laden snow onto or near their property resulted in contamination of their well and caused damage to their property. The plaintiffs sought injunctive relief against the Town, as well as an award of damages.

The plaintiffs simultaneously commenced an action in the United States District Court for the Southern District of New York (hereinafter the federal action), seeking relief pursuant to the citizen suit provision of the Resource Conservation and Recovery Act (42 USC § 6972). The federal action was ultimately settled in July 2004 by entry of a final judgment, inter alia, enjoining the Town from depositing any further salt-based de-icing materials on or near the plaintiffs' property, directing the Town to remove contaminated soil from the plaintiffs' front yard, perform road drainage work to divert storm water runoff from the adjacent road away from the plaintiffs' property, monitor the level of sodium and chlorides in the plaintiffs' untreated well water, and supply the plaintiffs with bottled water. In addition, the settlement called for the payment by the Town of the sum of $100,000 to cover, among other things, the plaintiffs' legal fees, as well as the costs of installing a new well, and to fund future water treatment expenses.

The Town thereafter moved for summary judgment dismissing the complaint in this action on the ground that the final judgment in the federal action rendered the instant action academic or, alternatively, on the ground that the instant action was time-barred. The Supreme Court granted the motion. We affirm.

Even assuming that the plaintiffs in this case were not required to file a timely notice of claim because their action was brought primarily in equity, "the demand for money damages [being] merely incidental to the required injunctive relief and subordinate thereto" (*Watts v Town of Gardiner,* 90 AD2d 615, 615 [1982]; *see American Pen Corp. v City of New York,* 266 AD2d 87, 87-88 [1999]), and further assuming, as the plaintiffs contend, that the settlement of the federal action was not intended to compensate them fully for injury to property under the common law, and does not otherwise preclude them from recovering such damages (*see* 42 USC § 6972 [f]; *Meghrig v KFC Western, Inc.,* 516 US 479, 487 [1996]), we nevertheless find, under the circumstances presented, that the plaintiffs' common-law property damage claims are time-barred under CPLR 214-c.

As a preliminary matter, the plaintiffs' request for injunctive relief against the Town was properly dismissed by the Supreme Court as academic, as the plaintiffs already have received equit-able relief through entry of the final judgment in the federal action. Thus, their only remaining claims are to recover damages for injury to their property. Such claims are governed by the three-year "discovery" rule, which provides, in relevant part, that "an action to recover damages for . . . injury to property caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within . . . property must be commenced [within three years] from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier" (*see* CPLR 214-c).

Here, the Town established its prima facie entitlement to judgment as a matter of law by establishing that the plaintiffs became aware of a problem with their well water as early as September 1995, when they first discovered that it had a high salt concentration, and were advised that the likely cause of the contamination was the Town's use of salt to de-ice roadways. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Thoma v Town of Schodack,* 6 AD3d 957, 959-960 [2004]). Contrary to the plaintiffs' contention, the doctrine of equitable estoppel has no application under the circumstances presented (*see Putter v North Shore Univ. Hosp.,* 7 NY3d 548, 552-553 [2006]; *Davis v Smith Corp.,* 262 AD2d 752, 754 [1999]; *McIvor v Di Benedetto,* 121 AD2d 519, 520 [1986]).

The plaintiffs' remaining contentions either are without merit or need not be reached in light of our determination. Ritter, J.P., Goldstein, Fisher and Balkin, JJ., concur.