Rose, J.
Appeal from an order of the Supreme Court (Connolly, J.), entered June 16, 2015 in Albany County, which, among other things, partially denied defendant Jeanne Picard Fish’s motion to dismiss the amended complaint against her.
Plaintiffs and defendant Jeanne Picard Fish (hereinafter defendant) are siblings and the children of Alice Picard (hereinafter decedent). In 1977, decedent executed a will directing that her real property located in Albany County be held in trust for the benefit of her children and naming defendant as executor of decedent’s estate and trustee of the testamentary trust that was to contain the property. In 1988, however, decedent conveyed to defendant that same property by duly recorded quitclaim deed. Nine years later, in 1997, decedent died, leaving the 1977 will unamended. Subsequently, plaintiffs and defendant continued to work in a business that leased premises on the property. The business continued to use the property until “well after” decedent’s death, and all parties were aware that the will was never admitted to probate. Despite this, plaintiffs allege it was not until 2013 that they learned that defendant had taken title to the property in 1988.
*1332 In 2014, plaintiffs commenced this action seeking rescission of the deed based on allegations that decedent either lacked capacity to execute it or did so as a result of defendant’s undue influence and coercion. The complaint also sought rescission of the deed based upon fraud, as well as the imposition of a constructive trust. Defendant thereafter moved to dismiss the amended complaint, arguing, among other things, that plaintiffs’ causes of action are time-barred. Ultimately, Supreme Court dismissed plaintiffs’ claim for rescission based on fraud, but denied defendant’s motion in all other respects on equitable estoppel grounds. Specifically, the court found that defendant met her initial burden of demonstrating that the action was commenced 26 years after the 1988 deed conveyance, long after the expiration of any arguably relevant limitations period, but that plaintiffs met their shifted burden of demonstrating that defendant should be equitably estopped from asserting a statute of limitations defense because she was alleged to be in a fiduciary relationship with them, which obligated her to inform them of the deed transfer. Defendant appeals.
The doctrine of equitable estoppel applies where a defendant’s fraudulent or deceptive conduct induces a plaintiff to refrain from filing a timely action (see Zumpano v Quinn, 6 NY3d 666, 673-674 [2006]; Simcuski v Saeli, 44 NY2d 442, 448-449 [1978]). Here, plaintiffs’ only allegation that defendant dissuaded them from bringing a timely action by affirmatively misrepresenting her status as sole owner of the property is that, in 2010, plaintiff David Picard questioned defendant about a “For Sale” sign on a portion of the property. Defendant is alleged to have responded that she was attempting to sell it because “we don’t use it and if we sell it the three of us . . . would be able to . . . benefit financially.” Even assuming the truth of this allegation, the interaction occurred 22 years after defendant took title to the property, making it irrevelant to plaintiffs’ failure to commence a timely action challenging the validity of the 1988 conveyance.
Supreme Court recognized that “concealment without actual misrepresentation may form the basis for invocation of the doctrine [of equitable estoppel] if ‘there was a fiduciary relationship which gave [the] defendant an obligation to inform [the] plaintiff of facts underlying the claim’ ” (Doe v Holy See [State of Vatican City], 17 AD3d 793, 795 [2005], lv denied 6 NY3d 707 [2006], quoting Jordan v Ford Motor Co., 73 AD2d 422, 424 [1980]; accord Robare v Fortune Brands, Inc., 39 AD3d 1045, 1046 [2007], lv denied 9 NY3d 810 [2007]; see Zumpano v *1333 Quinn, 6 NY3d at 675). Here, the court found that plaintiffs had sufficiently alleged that defendant owed them a fiduciary duty to disclose the conveyance when it occurred in 1988 because of her nomination as executor-trustee in the 1977 will, as well as their familial relationship.
We note, however, that the existence of a familial relationship does not equate to a fiduciary relationship for equitable estoppel purposes (see Scheuer v Scheuer, 308 NY 447, 452 [1955]; see also Rattner v York, 174 AD2d 718, 721 [1991]). Nor does the mere fact that a will has nominated an executor, in and of itself, create a fiduciary relationship between the nominee and the will’s beneficiaries. Indeed, because of the ambulatory nature of a will, a nominated executor is prohibited from acting in a fiduciary capacity until the testator dies (see EPTL 11-1.3; Gaentner v Benkovich, 18 AD3d 424, 426 [2005]; Matter of Yarm, 119 AD2d 754, 754 [1986]). Similarly, “[a] testamentary trust cannot become effective prior to the testator’s death” (27B Carmody-Wait 2d § 164:1; see EPTL 11-2.1 [c] [1]; Matter of Hennel, 133 AD3d 1120, 1121 [2015]; Gridley v Gates, 228 App Div 579, 583 [1930]), and the presumptive trustee of such a trust does not assume that role— and the fiduciary obligations that come with it — before that point in time (see SCPA 103 [49]). Thus, the earliest point at which defendant would have assumed a fiduciary duty to plaintiffs that arguably required her to disclose the 1988 conveyance of the property was when decedent died in 1997.
To the extent that statutory tolling provisions for individuals under a disability may have extended plaintiffs’ claim that decedent lacked the capacity to execute the 1988 deed (see CPLR 208, 213 [1]),* we note that “equitable estoppel will not toll a limitations statute when parties possess ‘timely knowledge’ sufficient to place them ‘under a duty to make inquiry and ascertain ... all the relevant facts’ ” (Ramsay v Mary Imogene Bassett Hosp., 113 AD2d 149, 153 [1985], lvs dismissed 67 NY2d 608, 1028 [1986], quoting Augstein v Levey, 3 AD2d 595, 598 [1957], affd 4 NY2d 791 [1958]; see Rite Aid Corp. v Grass, 48 AD3d 363, 364-365 [2008]). Such is the case here, inasmuch as the 1988 deed was duly recorded, and the effect of that recording was to give plaintiffs and anyone else with an interest in the subject property constructive notice of that transfer (see Andy Assoc. v Bankers Trust Co., 49 NY2d 13, 20-24 [1979]; Puchalski v Wedemeyer, 185 AD2d 563, 565 [1992]; see also Real Property Law art 9). We also conclude *1334 that plaintiffs should have inquired about the ownership status of the property before commencing this action because of their undisputed awareness that decedent’s will was never probated, that its terms never went into effect and that, even though their expected shared interest in the property never came to fruition, they continued to work in a business on the subject property for many years following decedent’s death. This knowledge placed them under a duty to make inquiry (see Pulver v Dougherty, 58 AD3d 978, 980 [2009]; Davis v Smith Corp., 262 AD2d 752, 754 [1999]; Contento v Cortland Mem. Hosp., 237 AD2d 725, 726 [1997], lv denied 90 NY2d 802 [1997]). Again, had they done so, the recorded deed would have immediately given them actual knowledge of the property’s owner.
Finally, we cannot agree with the dissent’s attempt to base the application of equitable estoppel upon an alternate fiduciary relationship arising out of the parties’ participation in a business on the property. Plaintiffs did not raise such an argument on appeal (see Johnson v First Student, Inc., 54 AD3d 492, 493 [2008]), and neither the complaint nor the supporting affidavits describe the nature of the business or the parties’ working relationship. Only decedent’s will suggests that it was a partnership at the time that her will was drawn, but there is no allegation that such a relationship existed during the many years following her death. Thus, even if the sparse complaint and plaintiffs’ affidavits are read liberally, a timely business fiduciary relationship sufficient to support equitable estoppel cannot reasonably be found here (see Lusins v Cohen, 49 AD3d 1015, 1018 [2008]; Doe v Holy See [State of Vatican City], 17 AD3d at 795-796; cf. Rafferty Sand & Gravel, LLC v Kalvaitis, 116 AD3d 1290, 1291 [2014]). Accordingly, we agree with defendant that Supreme Court erroneously applied the doctrine of equitable estoppel to her statute of limitations defense.
Peters, P.J., and Clark, J., concur.

 Plaintiffs do not argue on appeal that any particular tolling period applies to their surviving causes of action.