Newman v Greystone & Co., Inc. (2018 NY Slip Op 08669)





Newman v Greystone & Co., Inc.


2018 NY Slip Op 08669


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-06410
 (Index No. 34478/15)

[*1]David Newman, respondent, 
v
Greystone & Co., Inc., appellant.


Greenberg Traurig, LLP, New York, NY (Steven Sinatra and Daniel R. Milstein of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Rockland County (William A. Kelly, J.), dated May 4, 2016. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff commenced this action against the defendant, asserting causes of action to recover damages for breach of contract, unjust enrichment, and fraud, and to impose a constructive trust. This action arises out of two joint venture agreements pertaining to certain real estate investments entered into by the parties in 1998 and 1999. The defendant moved for summary judgment dismissing the complaint, arguing, inter alia, that the causes of action were barred by the statute of limitations. The Supreme Court denied the motion, determining that there was a triable issue of fact as to whether the defendant should be estopped from asserting the statute of limitations as a defense. The defendant appeals.
"Equitable estoppel is appropriate where the plaintiff is prevented from filing an action within the applicable statute of limitations due to his or her reasonable reliance on deception, fraud or misrepresentations by the defendant" (Putter v North Shore Univ. Hosp., 7 NY3d 548, 552-553). However, there can be no reasonable reliance where, as here, the plaintiff had the means to ascertain the facts from available public records, but failed to do so (see Picard v Fish, 139 AD3d 1331, 1333-1334; Arfa v Zamir, 76 AD3d 56, 59, affd 17 NY3d 737). Since the defendant demonstrated, prima facie, that the causes of action are time-barred, and the plaintiff failed to raise a triable issue of fact in opposition, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint (see CPLR 213[2], [8]; Chi Kee Pang v Synlyco, Ltd., 89 AD3d 976, 977; Tornheim v Tornheim, 67 AD3d 775, 776).
In light of our determination, we need not reach the defendant's remaining contention.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court