Aragona v State of New York (2021 NY Slip Op 05847)





Aragona v State of New York


2021 NY Slip Op 05847


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2018-00995

[*1]Alfredo Aragona, et al., appellants,
v
State of New York, et al., respondents. (Claim No. 108576)


Lippes & Lippes, Buffalo, NY (Richard J. Lippes and Daniel P. Scholfield of counsel), for appellants.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Joshua M. Parker of counsel), for respondents.



DECISION & ORDER
In a claim to recover damages for negligence, private nuisance, and trespass, the claimants appeal from a judgment of the Court of Claims (Stephen J. Mignano, J.), dated October 18, 2017. The judgment, upon a decision of the same court dated August 25, 2017, made after a nonjury trial, dismissed the claim.
ORDERED that the judgment is affirmed, with costs.
The claimants commenced this claim to recover damages for negligence, private nuisance, and trespass, alleging that the defendants damaged their properties when salt the defendants applied to public highways in the winter to de-ice the roads infiltrated and contaminated the claimants' well water. The notice of intention to file claim was filed in November 2002, and the claim was filed in November 2003. Following a nonjury trial, the Court of Claims dismissed the claims on the merits, while also holding, in any event, that the claim was time-barred pursuant to CPLR 214-c and jurisdictionally defective in violation of Court of Claims Act § 10(3). The claimants appeal. We affirm.
Contrary to the claimants' contention, their claim is latent in nature and therefore is governed by the three-year "discovery" rule in CPLR 214-c(2), which provides, in relevant part, that "'an action to recover damages for . . . injury to property caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within . . . property must be commenced [within three years] from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier'" (D'Agostino v Town of Pound Ridge, 41 AD3d 760, 762, quoting CPLR 214-c). Here, the trial evidence established that the claimants became aware of a salt problem with their well water as early as 1992 and as late as 1997, when they discovered that their water had a high salt concentration likely caused in whole or in part by the defendants' use of salt to de-ice nearby roadways. However, the claimants did not commence this claim until 2003. Accordingly, the claim was time-barred pursuant to CPLR 214-c(2) (see D'Agostino v Town of Pound Ridge, 41 AD3d at 762-763; Thoma v Town of Schodack, 6 AD3d 957).
Further, in order for the Court of Claims to render a judgment on claims to recover damages for injury to property caused by the negligence of an officer or employee of the state while acting as such officer or employee, the claimant is required to file a claim within 90 days of the accrual of that claim or a notice of intention to file a claim within 90 days of the accrual of the claim, and thereafter file the claim within two years after the accrual of the claim (see Court of Claims Act § 10[3]; Winter v State of New York, 187 AD3d 825; Kiesow v State of New York, 161 AD3d 1060, 1061). A failure to comply with the requirements set forth in section 10(3) of the Court of Claims Act is a jurisdictional defect compelling the dismissal of the claim (see Hargrove v State of New York, 138 AD3d 777, 777-778). Here, neither the claim nor the notice of intention to file a claim was filed within 90 days after the accrual of this claim alleging injury to property, and thus, the claim was not timely.
Accordingly, the claim was correctly dismissed because it was time-barred and jurisdictionally defective.
In light of our determination, we need not reach the claimants' remaining contentions.
DILLON, J.P., CHRISTOPHER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court